UNITED STATES, Appellee,

v.

Private E2 Kenneth G. SHAW, SSN 005–60–1750, United States Army, Appellant.

SPCM 18172.

U. S. Army Court of Military Review.

30 Nov. 1982.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Lawrence F. Klar, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Garreth E. Shaw, JAGC, were on the pleadings for appellee.

Before MILLER, KUCERA and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal concerns an issue raised all too often: a post-trial review incorrectly showing that appellant was convicted of a charge which was in fact dismissed by the military judge. To correct this error, appellant asks us to set aside the convening authority's action and remand the case for a new review and action. We decline to comply with appellant's request for two reasons. First, we believe appellant waived this error in the post-trial review by his failure to make timely objection in his *Goode* response.[1] Second, under the facts of this case, we find appellant suffered absolutely no prejudice since this error pertains to a very minor offense (three-hour unauthorized absence) and the sen-

1. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1976).

tence imposed by the military judge was rather lenient for the remaining offenses.[2]

Although we find no prejudice and thus decline to remand this case for a new review and action, we do feel we should comment upon the staff judge advocate's negligence in preparing the post-trial review in this case.

■ We cannot find any excuse for a failure to accurately report to the convening authority those offenses of which the accused was convicted and those, if any, disposed of by other means such as acquittal or dismissal. An error of this nature indicates either a failure to read the record of trial or the post-trial review (or possibly both). Simple attention to detail will prevent such errors. The accused and the convening authority are entitled to a well-written, carefully considered post-trial review. In providing anything less than that, a staff judge advocate fails in his responsibility to both individuals. As we indicated above, errors of this nature are occurring far too frequently. This warning, we trust, will serve notice that our patience is wearing thin.[3]

The findings of guilty and the sentence are affirmed. .

**UNITED STATES, Appellee,**

2. Disrespectful language toward a noncommissioned officer, damaging United States property through neglect, driving while drunk, and wrongful appropriation of an Army jeep, in violation of Articles 91, 108, 111, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 908, 911, and 921 (1976). We also note the sentence adjudged was less than that authorized in a pretrial agreement.

3. We also note that the pretrial agreement in this case was inartfully worded. Fortunately for the prosecution, the military judge established on the record the clear understanding of the parties with respect to the sentence portion of that agreement.