**UNITED STATES, Appellee,**

v.

**Chief Warrant Officer Two Benson J. HALLUMS, 083–42–0296, United States Army, Appellant.**

**ACMR 8701998.**

U.S. Army Court of Military Review.

11 July 1988.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Amaury R. Colon, JAGC (on brief).

***

\* Senior Judge John R. Thornock took final action in this case prior to his reassignment.

1. The General Court–Martial Order (GCMO) incorrectly shows both specifications as pleading the victim to be under 16 years of age. This

***

Before HOLDAWAY, THORNOCK,\* and CARMICHAEL, Appellate Military Judges.

### OPINION OF THE COURT

HOLDAWAY, Chief Judge:

The appellant was found guilty, pursuant to his pleas, of two specifications of forcible sodomy against his daughter. One specification alleged that the offenses took place on divers occasions when the girl was under the age of 16 years. The second specification alleged a single act subsequent to her 16th birthday.[1] He was sentenced to a dishonorable discharge and total forfeitures. At the time he sentenced the appellant, the military judge recommended suspension of the punishment in excess of forfeitures of $300.00 per month for twelve months; the suspension to be conditioned on successful completion of counseling. The convening authority rejected this recommendation and approved the dishonorable discharge. The forfeitures were disapproved pursuant to a pretrial agreement.

The issue raised by the appellant which merits discussion is the adequacy of the staff judge advocate's advice to the convening authority concerning clemency. To properly place this issue in context, it is necessary to summarize the clemency matters produced at trial as well as after trial and then examine the extent to which the convening authority may have been aware of these matters or was advised of them by his staff judge advocate (SJA). At trial, there was extensive testimony by several witnesses that the appellant and his victim daughter were undergoing counseling and were progressing well. There was unanimity of opinion, not challenged by the government, that the presence of the appellant was necessary for a successful counseling program and that the counseling would be most effective if the appellant was on a probationary status. There was

***

was an error. In light of our action returning this case to the convening authority, the GCMO should be corrected to properly reflect the pleadings.

also testimony from the appellant's former battalion commander and others in his chain of command, who were aware of the nature of the offenses and appellant's efforts to seek medical assistance, that the appellant was an outstanding performer and they all recommended his retention in the Army. The trial counsel, in arguing on the sentence, asked for "3 to 5 years confinement, a discharge from the service, no forfeitures ... and a recommendation to the convening authority for a suspension contingent upon successful completion of the treatment program." The military judge, after sentencing the appellant to a dishonorable discharge and total forfeitures, recommended suspension of all punishment in excess of $300.00 pay per month for twelve months conditioned upon successful completion of the treatment program.

After trial, the SJA prepared his post-trial recommendation, dated 30 September 1987. In the recommendation, he did note the recommendation of suspension of the military judge. He did not mention the other recommendations for clemency, nor did he in any way comment upon them. He simply recommended approval of the discharge. He also stated that the post-trial recommendation had been served on the defense counsel and "if the defense counsel submitted a response ... or other matters ..., it is attached at TAB A for your consideration." There is no TAB A in the record of trial. There are, however, several documents that are addressed to the convening authority. They have various dates of 30 September, 1 October, 9 October, and 15 October 1987. These include an undated handwritten note from a Colonel Guest, the Division Support Commander, recommending retention of the appellant;[2] there is also a request for clemency from the appellant which, *inter alia*, requests an opportunity to personally appear before the convening authority. There is no indication this was ever acted upon. There is also a memorandum from the military defense counsel inviting the command-er's attention to deficiencies in the SJA's recommendation, including a failure to mention that the government trial counsel argued for a suspended sentence; there are written statements from a military psychiatrist and two psychologists attesting to the appellant's progress in counseling and recommending suspension of the discharge. Finally, there are also attached the recommendations from the appellant's chain of command reiterating their recommendation made at trial for retention.

These matters may have been gathered together and placed under TAB A even though they are dated after the recommendation. However, we cannot be certain, to the degree required by Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c), that these matters were in fact those mentioned at the putative TAB A or indeed, given the use of the word "if" in the recommendation, that there was a TAB A. Thus, we are uncertain what, if anything, the convening authority ever saw concerning the extensive clemency material addressed to him. It would have been easy enough for the SJA to dispel such uncertainty. He could have listed, on his recommendation, the specific enclosures that went to the convening authority or he could have had the convening authority initial and date all the documents he considered. *See, United States v. Johnson,* 26 M.J. 509, 511, n. 2 (A.C.M.R.1988); *United States v. McClelland,* 25 M.J. 903, 905 (A.C.M.R. 1988).

The purpose of a SJA recommendation is to assist the convening authority in deciding the appropriate action on the sentence. *See* R.C.M. 1106(d); *United States v. Leininger,* 25 M.J. 746 (A.C.M.R. 1987). The accused and the convening authority are entitled to a well-written and carefully considered post-trial recommendation. *United States v. Shaw,* 14 M.J. 967, 968 (A.C.M.R.1982), *petition denied,* 15 M.J. 456 (C.M.A.1983). In this case, if all the above-mentioned matters were in fact forwarded to the convening authority and

---

**2.** This handwritten note was sent through the SJA, but apparently never shown to appellant's counsel as required by the Manual for Courts-Martial, United States, 1984, Rules for Courts-Martial 1106(f)7 [hereinafter R.C.M.].

considered by him, then the recommendation may have been marginally sufficient to assist the convening authority, even though the SJA made no rebuttal to or comment on the impressive, and unanimous, recommendations for clemency. However, we are uncertain, as previously noted, whether the convening authority considered these recommendations. Under the circumstances of this case, if he did not see them "prejudice," as defined by Article 59(a), UCMJ, 10 U.S.C. § 859(a), is apparent. We announce that this court will not "guess" as to whether clemency matters prepared by the defense counsel were attached to the recommendation or otherwise considered by the convening authority. There must be some tangible proof that the convening authority did, in fact, have these matters presented to him.

■ Finally, given the error noted, *supra,* and solely on the record presented on appeal, we take the unusual step of noting that this is the type of case for which probation is designed. We state unequivocally that based upon the record, had we the power to do so, we would suspend the sentence; the suspension would be contingent upon the appellant and his family successfully completing the counseling program. Such action would be in accordance with the recommendations of the trial counsel, the military judge, and the chain of command. However, our power extends only to disapproval or modification of the sentence. *See* R.C.M. 1203(b) discussion; R.C.M. 1107(d)(1) discussion. Regardless, we will not decide the issue of sentence appropriateness until the convening authority has an opportunity to consider the clemency matters and take action thereon.

We have considered the other issues raised, to include those personally asserted by the appellant, and find them to be without merit. The action of the convening authority, dated 26 October 1987, is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same convening authority. The convening authority is directed to consider the clemency matters adumbrated above and annotate the fact

that they were considered. The case will then be returned to this court for further consideration in light of the convening authority's action.

Senior Judge THORNOCK and Judge CARMICHAEL concur.