**UNITED STATES, Appellee,**

v.

**Private El Robert J. JAEGER, 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, United States Army, Appellant.**

**ACMR 8800760.**

U.S. Army Court of Military Review.

31 Oct. 1988.

---

621

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a special court-martial of assault on a non-commissioned officer (two specifications), disobedience of a lawful order of a noncommissioned officer, disrespect toward a non-commissioned officer (three specifications), wrongful possession of a controlled substance (Fringar), assault, drunk and disorderly conduct (three specifications), and communication of a threat, violations of Articles 91, 112a, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 912a, 928, and 934 (1982 & Supp.1987) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for five months, forfeiture of $425.00 pay per month for six months, and reduction to Private El. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of four months for a period of six months with provision for automatic remission.

I

■ On appeal, the appellant contends that the convening authority took final action on his case without considering matters submitted by appellant pursuant to Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1105 and 1106 [hereinafter R.C.M.]. The record discloses that the recommendation of the staff judge advocate was served on appellant's trial defense counsel on 12 April 1988. Post-trial submissions were submitted on behalf of the appellant on 21 April 1988 in accordance with R.C.M. 1105(b)(1) and R.C.M. 1106(f)(5). On 22 April 1988, the Staff Judge Advocate submitted the case to the convening authority for his action. In a memorandum attached to the case, the Staff Judge Advocate advised the convening authority that the "statutory" time periods for the submission of matters under R.C.M. 1105 and R.C.M. 1106 had elapsed and that no matters had been submitted. The government does not dispute the assertion of appellant that the matters were submitted in a timely manner or that the convening authority failed to consider them.

The appellant's submission under R.C.M. 1105 contains substantial matters which are not reflected in either the record of trial or the staff judge advocate's post-trial submission. During the appellant's sentencing proceeding, the appellant's trial defense counsel made an unsworn statement on the appellant's behalf that the appellant was an alcoholic. A stipulation of fact admitted into evidence relates that the appellant had received "the benefit of extensive efforts to help him with his alcohol and disciplinary problems." The appellant's submission under R.C.M. 1105, however, includes an excerpt from the appellant's Medical Treatment Record which reveals that medical personnel had recommended to the appellant's unit that the appellant be enrolled in a program for treatment and counseling for alcohol abuse. The excerpt further reveals that the unit's First Sergeant had responded that the commander did not want the appellant enrolled. This report is dated 30 October 1987, some three months before the appellant committed the offenses which were the subject of his court-martial. All of the appellant's offenses were related to episodes of alcohol abuse.

The failure of the staff judge advocate to bring the appellant's petition for clemency to the attention of the convening authority was error which this court cannot cure. *United States v. Stafford,* 21 M.J. 298 (C.M.A.1985) (summary disposition). *See also United States v. DeGrocco,* 23 M.J. 146 (C.M.A.1987); *United States v. Hallums,* 26 M.J. 838 (A.C.M.R.1988). *Cf. United States v. Johnson,* 26 M.J. 686 (A.C.M.R.1988) (failure of the staff judge advocate to comment upon assertions of legal error raised by an accused in his post-trial submissions under R.C.M. 1105 and R.C.M. 1106 must be tested for prejudice). Accordingly, we must return the record of trial to the convening authority for a new review and action. A different rule would deprive the appellant of the opportunity to avail himself of the unique clemency powers of the convening authority. *United States v. Stafford,* 21 M.J. at 299. This is particularly true in the case at bar where the content of the appellant's petition was not considered at trial and was particularly relevant to the offenses of which he was convicted.

## II

■ Appellant alleges that the military judge erred to the prejudice of the appellant by denying his motion to find that Specifications 1, 2, and 4 of Charge II (two specifications of assaulting a noncommissioned officer on 27 February 1988 and one specification of disrespect to a noncommissioned officer on 27 February 1988) were all multiplicious with Specification 3 of Charge I (disobeying a noncommissioned officer on 27 February 1988); that Specification 1 of Charge IV (drunk and disorderly on 3 February 1988) was multiplicious with the Specification of Charge III (assault on 3 February 1988); that Specification 2 of Charge IV (drunk and disorderly on 27 February 1988) was multiplicious with Specification 3 and 5 of Charge I (willfully disobeying a noncommissioned officer on 27 February 1988 and disrespect to a noncommissioned officer on the same date); and, that Specification 3 of Charge IV (drunk and disorderly on 1 March 1988) was multiplicious with Specification 4 of Charge IV (communicating a threat on 1 March 1988) and Specification 6 of Charge I (disrespect to a noncommissioned officer on 1 March 1988).

At trial, defense counsel moved to have the court determine that the foregoing offenses were multiplicious for sentence purposes. In response, the prosecutor advised the court that he would "not necessarily oppose multiplicity for sentence purposes" where the same victim was involved in the specifications but requested the court take the motion under advisement until the court determined whether the plea was provident. The trial judge acceded to counsel's request but subsequently failed to enter any findings upon trial defense counsel's motion.

Government appellate counsel concede the fact that the trial judge failed to state any ruling on the motion but allege that the appellant suffered no prejudice from the judge's error as the case was referred

N/A

as a special court-martial and the court's jurisdiction was accordingly limited. *See* Article 19, UCMJ, 10 U.S.C. § 819.

Trial defense counsel and the appellant were entitled to a formal ruling by the trial judge on any interlocutory question such as multiplicity made before the court. R.C.M. 801(a)(4). The United States Court of Military Review has the power under Article 66, UCMJ, 10 U.S.C. § 866, to correct errors of fact and law and reassess the sentence if necessary to purge any prejudice flowing from such errors. *See United States v. Sales*, 22 M.J. 305 (C.M.A.1986). However, in this instance, this court would be required to speculate to some degree as to the evidence required to determine the foregoing motion. Furthermore, although the maximum punishment would not be affected by such ruling, we are unable to ascertain what impact, if any, the resolution of the motion might have on the sentencing authority in his determination of an appropriate sentence. Finally, as we have noted in Part I of this opinion, we are required to return this case for a new

review and action by the convening authority and we deem it appropriate that the court have the opportunity to correct its error and that the convening authority have the benefit of considering the resolution of the multiplicity motion in considering the severity of the appellant's delicts when he again takes his action on the case. Accordingly, we deem it appropriate in these circumstances to order a sentence rehearing.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Judge KANE and Judge WERNER concur.