**UNITED STATES, Appellee,**

v.

**Private E2 Thomas W. CODER, 281–74–1297, United States Army, Appellant.**

**ACMR 8702045.**

U.S. Army Court of Military Review.

9 Nov. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FELDER, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GIUNTINI, Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of conspiracy to commit premeditated murder and premeditated murder, violations of Article 81 and 118, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 918 (1982), respectively. Pursuant to a pretrial agreement, the convening authority had referred the charges to trial as noncapital. The appellant was sentenced to a dishonorable discharge, confinement for life, total forfeiture of pay and allowances, and reduction to the grade of Private E1. The convening authority approved the sentence as adjudged.

The appellant asserts that despite an allegation in a post-trial clemency petition of legal error, the staff judge advocate failed to make the recommendation required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively]

1106(d)(4), as to whether corrective action should be taken on the sentence. This assertion pertains to a reference in the clemency petition to sentence disparity relating to appellant and one of his two co-actors.[1]

The appellant's trial concluded on 4 September 1987. On 16 October, defense counsel acknowledged receipt of the staff judge advocate's post-trial recommendation, dated 15 October, and an authenticated copy of the record of trial. The 16 October acknowledgment was received in the office of the staff judge advocate (OSJA) on 19 October. Defense counsel submitted two undated requests for delay for post-trial submissions. One requested a delay "from 19 October 1987 until 2 November 1987," and the allied papers show that it was received in the OSJA on 19 October; the other requested a delay "from date of trial to 2 December 1987," but the allied papers do not show when it was received in the OSJA. The chronology sheet found on the "Inside of Front Cover" to the Record of Trial, Department of Defense Form 490, October 1984, shows an entry for defense delay for post-trial matters from 4 September until 2 December 1987.

On 2 December, the convening authority took action in the case of Private E2 (PV2) John F. Robidoux, one of appellant's co-actors. In accordance with a pretrial agreement, the convening authority reduced the confinement portion of PV2 Robidoux' sentence from life to thirty-five years. Appellant's defense counsel submitted an undated clemency petition, received at the OSJA on 3 December, in which clemency was requested and sentence disparity was mentioned. On 4 December, the convening authority took action in appellant's case, approving the sentence to life imprisonment. The staff judge advocate's recommendation does not discuss or make reference to appellant's clemency petition and does not address sentence disparity.

Appellant's undated post-trial submission is a one and one-half page document entitled, "clemency petition." It begins with a

---

1. The appellant also asserts to this court that the sentence to confinement for life is excessive.

request for sentence commutation stating "[t]he reason for this request is to enable Private Coder to qualify for good time credit which he may then earn." Although sentence disparity is briefly mentioned later on page two of the petition, the context of the reference makes it clear that it is cited in support of a request for clemency, not as an allegation of legal error. Pertinently, it states "[t]he disparity in their sentences provides a negative incentive to Private Coder to cooperate in any treatment because without the good time credit, he has little to gain by doing so."

■ Because appellant's clemency petition did not contain an allegation of legal error, the staff judge advocate was not required to state whether, in his opinion, corrective action should be taken. R.C.M. 1106(d)(4); *United States v. Harrison,* 26 M.J. 553 (A.C.M.R.1988); *cf. United States v. Johnson,* 26 M.J. 686 (A.C.M.R.1988) (when defense submission to the convening authority alleges legal error regarding the findings or sentence, the staff judge advocate must address the error, whether the error was asserted in a "petition for clemency" or submitted in response to the defense review of the recommendation of the staff judge advocate). Of course, the staff judge advocate could have commented on the clemency petition, even in the absence of an allegation of legal error, if he had deemed it appropriate to do so. No error is apparent by his failure to comment on this clemency petition.

In his supplemental assignment of error, appellant claims that the staff judge advocate "failed to adequately summarize, and the record fails to affirmatively demonstrate that post-trial matters submitted by appellant were brought to the attention of the convening authority by the staff judge advocate or that the convening authority otherwise considered these matters." In support of this allegation of error, appellant cites *United States v. Hallums,* 26 M.J. 838 (A.C.M.R.1988), in which this court held that it will not guess as to

whether clemency matters prepared by the defense were attached to the staff judge advocate's recommendation or otherwise considered by the convening authority.

Neither the M.C.M., 1984, nor our prior decisions require the staff judge advocate to summarize clemency petitions submitted to the convening authority. Also, appellant's reliance on *Hallums* is misplaced. Unlike in *Hallums,* we are not left to guess whether appellant's clemency petition was brought to the attention of the convening authority. The staff judge advocate's recommendation, dated 15 October, was acknowledged by the defense counsel on 16 October as having been received; defense counsel submitted a request for delay to submit post-trial matters "from date of trial to 2 December 1987"; the undated clemency petition was marked as having been received at the OSJA on 3 December; the convening authority took action on 4 December and, the clemency petition is properly located in the record of trial immediately following the staff judge advocate's recommendation. *See United States v. Harrison,* 26 M.J. 553 (A.C.M.R.1988) (from record and allied papers, court satisfied defense matters were reviewed by convening authority prior to action). There has been no allegation that the staff judge advocate refused to present the clemency petition to the convening authority or that he negligently failed to do so.[2] Under the circumstances, we are satisfied that the petition was attached to the recommendation and considered by the convening authority. *Cf. United States v. Hodge,* 26 M.J. 596 (A.C.M.R.1988) (presumption of regularity attaches to official acts of convening authority and extends to relevant official acts of subordinate commanders and staff members). Thus, the supplemental assignment of error is without merit.

■ Finally, it is alleged that the sentence to confinement for life is excessive. The appellant decided in March or April of 1987 to kill Private First Class (PFC) Dennis M. Craig. He enlisted the help of an-

---

**2.** Staff judge advocates should consider listing on the recommendation the specific enclosures that went to the convening authority or having the convening authority initial and date all the documents considered. *See United States v. Hallums,* 26 M.J. at 840.

other soldier, PV2 Robidoux. On 12 April, the appellant, PV2 Robidoux, and a PFC Adams who had joined the plan, lured the victim to a vineyard and after PFC Adams left the immediate area, appellant and PV2 Robidoux hung PFC Craig. The appellant admitted at trial that when PFC Craig had tried to reach up to loosen the noose, appellant held PFC Craig's hands so that he could not do so. Later, the appellant typed out a suicide note on a piece of paper which the appellant previously had tricked the victim into signing, apparently convincing the victim that it was for some sort of joke.

The appellant formulated the idea to kill PFC Craig and he enlisted the aid of another soldier to help him do it. Appellant also participated fully in developing a plan and discussed with PV2 Robidoux several ways to do it. Finally, on the night of the murder, appellant's cruel acts ensured the accomplishment of his ultimate goal—the murder of PFC Dennis M. Craig. Considering the seriousness of the offenses, the relative culpability of the soldiers involved and the entire record, appellant's sentence is appropriate.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge GILLEY concur.