UNITED STATES, Appellee,

v.

**Staff Sergeant Larry C. MOORE, Sr., 461–70–4768, United States Army, Appellant.**

**ACMR 8701350.**

U.S. Army Court of Military Review.

10 Nov. 1988.

For Appellant: Major Marion E. Winter, JAGC (argued); Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Captain Gary L. Hausken, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC (on brief).

Before FELDER, GILLEY and GIUNTINI, Appellate Military Judges.

### OPINION OF THE COURT

GILLEY, Judge:

A general court-martial consisting of officer and enlisted members sitting in Korea convicted the appellant, contrary to his pleas, of indecent acts with his stepdaughter on divers occasions from April 1984 through March 1987.[1] The convening authority approved the sentence of a bad-conduct discharge, confinement for seven years, forfeiture of $500.00 pay per month

---

**1.** The court-martial convicted the appellant of this offense as a lesser included offense of the charges of rape and carnal knowledge. His stepdaughter was born on 1 October 1976.

for forty-two months, and reduction to the grade of Private E1.

The appellant contends that the staff judge advocate should have commented on seven allegations of legal error submitted by the trial defense counsel in a memorandum to the convening authority requesting mitigation based on the errors. He also contends that there is no evidence of record that indicates that the convening authority actually examined this submission. We agree.

On 12 June 1987, the appellant submitted a request for appellate counsel through the convening authority to the clerk of this court and attached a list of seven "errors or other matters ... urged as grounds for relief." [2] On 28 August 1987, the staff judge advocate recommended that the sentence be approved. On page 2 of the recommendation, he stated that "[t]he defense counsel response, if any, is attached at Tab A for your consideration." The next document is a page "4" with the same subject line as the recommendation, but states that it is a "CERTIFICATE OF SERVICE." Page "3" is neither present nor described. The Certificate was signed by the trial defense counsel on 31 August 1987, stating that he would submit a response to the recommendation by a "deadline" of 10 September 1987. The next document below the Certificate is the defense counsel's submission, which is dated 18 September 1987.

This defense submission requested "mitigating action" for the same seven grounds asserted on the request for appellate representation form.[3] The staff judge advocate did not comment on the allegations of error.[4] On 24 September 1987, without noting whether appellant's post-trial submissions had been reviewed, the convening authority approved the findings and sentence.

The staff judge advocate was required under R.C.M. 1106(d)(4) to comment on the appellant's response to the staff judge advocate's recommendation even though the appellant requested "mitigating action." [5] We have held that a document labelled "Response to Post-trial Review" requires an addendum by the staff judge advocate when its thrust is to assert legal error affecting the findings. *See United States v. Johnson*, 26 M.J. 686, 688 (A.C.M.R.1988); *United States v. Thompson*, 26 M.J. 512, 514 (A.C.M.R.1988). Here, although the trial defense counsel presented the seven legal issues specifically in pursuit of *mitigation* [6] rather than to set aside the findings, we find the staff judge advocate should have commented on whether these assertions required corrective action. They describe "legal errors," because they

2. The submission of errors intended for appellate defense counsel did not serve as a submission to the convening authority under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 1105(b) (the accused may submit matters to the convening authority). Customarily, trial defense counsel submit R.C.M. 1105 matters directly to the convening authority, often with the response to the staff judge advocate's recommendation. *See* R.C.M. 1106(f)(4).

3. The grounds stated are:
(1) illegal pretrial confinement for 60 days; (2) disqualification of the military magistrate; (3) improper denial of defense witnesses; (4) improper cross-examination of appellant as well as misconduct by trial counsel in raising before the court members an inadmissible Criminal Investigation Command report; (5) improper reopening of the prosecution's case; (6) improper introduction of uncharged misconduct on sentencing; and, (7) improper conduct of spectators.

4. Even though the trial defense counsel submitted the response eight days later than the ten allowed in the Certificate, we find no waiver here because the authenticated record of trial was not served on the appellant until 10 September 1988 and substitute service was not made on the trial defense counsel. R.C.M. 1104(b)(1)(C), 1105(c)(1) (1987 amendment); *cf. United States v. Thompson*, 26 M.J. 512, 513 n. 3 (A.C.M.R. 1988). Thus, the response was made two days before it was required.

5. In most circumstances involving mitigation, the convening authority does not need the staff judge advocate's comments to make an informed judgment in exercise of his authority under Article 60(c), 10 U.S.C. § 860(c). *Cf. United States v. Johnson*, 26 M.J. 686, 688–90 (A.C.M.R.1988).

6. "Mitigation" is intended to lessen punishment or achieve clemency. R.C.M. 1001(c)(1)(B).

**658**

pertain directly to whether the findings and sentence should be approved.

■ We need not decide here whether this error was prejudicial; the case must be returned for a new action by a convening authority. This court has held that it will not be put in the position of having to "guess" whether clemency matters submitted by the defense counsel were considered by the convening authority. *See United States v. Hallums*, 26 M.J. 838, 841 (A.C.M.R.1988). "There must be some tangible proof that the convening authority did, in fact, have these matters presented to him." *Id.* Nevertheless, a presumption of regularity does attach to official acts of a convening authority and his staff judge advocate. *See United States v. Hodge*, 26 M.J. 596, 599 (A.C.M.R.1988). Ordinarily then, we can assume these officers are aware of their responsibilities and perform them properly. *Cf. United States v. McClain*, 22 M.J. 124, 133 (C.M.A.1986) (Cox, J., concurring in the result). But, when the record does not establish whether the convening authority considered these matters and the record instead causes a plausible doubt that he did so, we have the *Hallums* situation.

■ In this case, the combination of the arrangement of the paperwork and the presence of a possible basis to conclude the convening authority did not consider the defense submission remove the presumption of regularity. In fact, this record does not establish, directly or circumstantially, that the convening authority considered the seven alleged errors and we will not guess that he did so. The record does not contain any document marked as "Tab A" or marked as having been under a Tab A. If one presumes the next document under the staff judge advocate's recommendation in the record of trial was under a Tab A when the record was presented to the convening authority, that document is the certificate of service, marked as page 4. This certificate might have been intended to show that the defense counsel was late in his submission, and, thus, the submission was not considered by the staff judge advocate or the convening authority. While this reading may not be the message intended, it is plausible.

Moreover, nothing else sheds light on what actually occurred here. Since the record does not establish what actually occurred, it must be returned. Accordingly, we will not consider the issues raised by the appellant until a staff judge advocate has provided a response to those issues, and a convening authority, upon considering them and the staff judge advocate's response, has taken an action requiring review by this court.

The action of the convening authority, dated 24 September 1987, is set aside. The record of trial is returned to The Judge Advocate General for a response by a staff judge advocate and action by the same or a different convening authority. The case will then be appropriately processed in light of the convening authority's action.

Senior Judge FELDER and Judge GIUNTINI concur.