**UNITED STATES, Appellee,**

v.

**Private E2 Todd D. MOODY, 239–37–4640, United States Army, Appellant.**

**ACMR 8800879.**

U.S. Army Court of Military Review.

30 Nov. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Marion E. Winter, JAGC, Captain Thomas A. Sieg, JAGC, (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

HOLDAWAY, Chief Judge:

The appellant pleaded guilty to distribution of cocaine, use of marijuana, attempting to possess marijuana with the intent to distribute, and attempting to possess cocaine with the intent to distribute in violation of Articles 112a and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 880 (1982 and Supp. IV 1986) [hereinafter UCMJ]. He was sentenced by a court with members to a dishonorable discharge, con-

finement for five years, total forfeitures, and reduction to E-1. Pursuant to the pretrial agreement, the sentence was approved except for the confinement portion, which was reduced to three years.

■ After trial, the staff judge advocate (SJA) submitted his recommendation to the convening authority. This recommendation was defective in that it failed to show that clemency matters addressed to the convening authority by the trial defense counsel were attached and considered by the convening authority in his action. Citing *United States v. Hallums*, 26 M.J. 838 (A.C.M.R.1988), a case with a similar defect, the appellant now asks that this case be returned for a new recommendation and action. The government, in effect, concedes the error but argues that it was harmless within the meaning of Article 59(a), UCMJ, 10 U.S.C. § 859(a). We agree with the government position.

There are substantial factual differences in this case as contrasted to *Hallums*. In *Hallums*, the focus of the defense effort was to obtain a suspended sentence. The accused in that case had been a model soldier in all respects. The entire chain of command, the trial judge, medical experts, and even the trial counsel recommended suspension to the convening authority, who under military law, is the only one with suspension authority. Some of this evidence was produced at trial and some afterwards in the form of a petition for clemency. Because of ambiguities in the SJA recommendation, it could not be ascertained which, if any, of these critical and substantial matters were brought to the attention of the convening authority. Accordingly, the defect was found prejudicial to the appellant within the meaning of Article 59(a), UCMJ. A new recommendation and action were ordered.

In the case at bar, the same ambiguity exists as to whether matters addressed to the convening authority were in fact brought to his attention. At that point, the similarity to *Hallums* ceases. In the case at bar, except for the fact that the appellant cooperated with the Criminal Investigation Command after he had been caught, there were no substantial mitigating matters presented. In fact, there were considerable matters of an aggravating nature brought forth, to include prior disciplinary problems and testimony from a captain and colonel in the appellant's chain of command that the appellant had not performed his duties in a satisfactory manner.[1] At trial, appellant conceded the appropriateness of a punitive discharge and sought only to obtain the lowest possible period of confinement. After trial, the defense counsel's petition to the convening authority consisted of a general plea for reduced confinement, a letter from the appellant's parents asking for reduced confinement, and the comment that implied three named enlisted soldiers might state that the appellant had performed his duties satisfactorily. However, no statements from these soldiers were attached.

As previously noted, it was clearly error not to annotate the recommendation or, by some other means, establish that the convening authority saw and considered the clemency matters submitted by the appellant. The simple question before this Court is the effect of this error. Article 59(a), UCMJ, states, *inter alia*, that this Court may *not* invalidate a sentence based on an error of law unless we find the error to be one that materially prejudices the accused. That is a positive, clear, and unambiguous mandate from Congress. It is, moreover, a salutary rule, one that we cannot ignore and would not ignore if we could. If we were to fashion a rule that automatically found prejudice any time clemency matters were omitted, we would be violating this statute and abrogating our responsibility under it. We, therefore, must assess this error, as we do all others, for prejudice in light of the facts of the entire case.

After thorough and careful consideration of the facts of this case as enumerated

---

1. These important matters were not brought to the attention of the convening authority by the SJA in his recommendation. While that obviously was beneficial to the appellant, the SJA did not fulfill his responsibility by assisting the convening authority in deciding on an appropriate action. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(d)(1).

above, we are satisfied that the defect in the SJA recommendation did not materially prejudice the rights of the appellant.

We, therefore, affirm the findings of guilty and the sentence.

Senior Judge THORNOCK and Judge CARMICHAEL concur.