UNITED STATES, Appellee,

v.

**Staff Sergeant Clifton R. PRATER, 446–44–0190, United States Army, Appellant.**

**ACMR 8800576.**

U.S. Army Court of Military Review.

26 May 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain James K. Reed, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Senior Judge: *

On 16 March 1988, the appellant, pursuant to his pleas, was tried and convicted by a military judge sitting as a general court-martial. Appellant pleaded guilty to larceny of more than $100, three specifications of false official statements, two specifications of false swearing, adultery, wrongful cohabitation, obstruction of justice, and

* Senior Judge John R. Thornock took final action

two specifications of conspiracy to obstruct justice in violation of Articles 121, 107, 134 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 907, 934 and 881 [hereinafter UCMJ], respectively. The military judge sentenced the appellant to a bad-conduct discharge, confinement for one year and reduction to Private E1. The convening authority approved the sentence. On 16 November 1988, the unexecuted portion of the sentence to confinement was remitted by the Commander of the United States Army Correctional Activity, Fort Riley, Kansas.

The facts are complicated but are not in dispute. All of the offenses arose out of the appellant's attempts to conceal the true nature of his marital status from the Army and his improper receipt of allowances at the "with dependent" rate for more than five years. The stipulated factual circumstances are as follows:

> Prior to 1 February 1983, the accused discovered that the woman whom he had married had, in fact, been previously married to another and continued to be so married. This woman left the accused shortly after making this fact known to him. He ceased to support her at that point. Upon his purported marriage to her, he had applied for and began to receive Army pay benefits arising from his alleged status as married with a dependent wife. At the time he applied for these benefits he believed himself to be entitled to them. Upon discovering that his marriage was bigamous, the accused realized that his marriage was invalid and that he had no dependents for Army pay purposes. The accused took no steps to alert the Army to this fact. Knowing that he was not entitled to them, the accused continued to collect Army benefits ... on the false premise that he was married and had a dependent. These benefits included payments of [Basic Allowance for Quarters], [Variable Housing Allowance], Family Separation Allowance, and Dependent Travel/Dislocation Allowance. Between 1 February 1983 and 1 September 1987, he

on this case prior to his retirement.

collected an aggregate of some amount in excess of $12,000 of these unentitled benefits, the property of the United States Army.

From 1 February 1983 until at least June of 1987, the appellant cohabited with another married woman not his wife, and held himself out as married to the second woman. Rather than following accepted legal procedures to satisfactorily resolve their marital status, the appellant and his putative wife attempted to ensure that their true situation was not discovered by Army officials.

On appeal appellant asserts three errors:

## I

THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEA OF GUILTY TO FALSE OFFICIAL STATEMENT (SPECIFICATION 3 OF CHARGE II) WITHOUT INQUIRING INTO THE "EXCULPATORY NO" DEFENSE.

## II

THE STAFF JUDGE ADVOCATE FAILED TO ACKNOWLEDGE, AND THE RECORD FAILS TO AFFIRMATIVELY DEMONSTRATE THAT POST-TRIAL MATTERS SUBMITTED BY APPELLANT WERE BROUGHT TO THE ATTENTION OF THE CONVENING AUTHORITY BY THE STAFF JUDGE ADVOCATE OR THAT THE CONVENING AUTHORITY OTHERWISE CONSIDERED THESE MATTERS. *SEE UNITED STATES V. HALLUMS*, 26 M.J. 838 (A.C.M.R.1988).

## III

APPELLANT'S PLEAS OF GUILTY TO LARCENY (CHARGE I) WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO SECURE AN AFFIRMATIVE WAIVER OF THE STATUTE OF LIMITATIONS.

We find the second error to be without merit. A post-trial affidavit filed by the

government affirmatively established that the convening authority saw and considered the clemency matters submitted by the appellant. *See United States v. Moody,* 27 M.J. 683 (A.C.M.R.1988), *petition granted,* 28 M.J. 234 (C.M.A.1989). The remaining errors are discussed, *infra.*

■ Concerning the "exculpatory no" defense, *United States v. Aronson,* 25 C.M.R. 29 (C.M.A.1957), determined that there is a general analogy between Article 107, UCMJ, and Section 1001, Title 18, United States Code. Since that time, the military appellate courts have, consistent with federal decisions, recognized the "exculpatory no" defense in circumstances where a *suspect* makes a false statement to an investigator, but has no independent duty to answer questions or to make an account. However, in *United States v. Jackson,* 22 M.J. 643 (A.C.M.R.1986), *aff'd,* 26 M.J. 377 (C.M.A.1988), the scope of the defense was restricted. *Jackson* holds that, even if not subject to an independent duty to account, a *non-*suspect who makes a false statement to an investigator violates Article 107, UCMJ. The factual circumstances of *Jackson* were tantamount to obstruction of justice and impeding an investigator. The Court of Military Appeals ruled that Article 107, UCMJ, should be broadly construed consistent with *United States v. Rodgers,* 466 U.S. 475, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984). In *Rodgers,* the United States Supreme Court noted that there is a valid legislative interest in protecting the integrity of official inquiries. The Court further noted that a statutory basis for an agency's request for information provides jurisdiction enough to punish fraudulent statements under Section 1001. *See also Bryson v. United States,* 396 U.S. 64, 70–71, 90 S.Ct. 355, 359, 24 L.Ed.2d 264 (1969).

The instant case is unlike *Jackson* in that appellant was a suspect. Nevertheless, we decline to extend the "exculpatory no" defense to circumstances where a *suspect* makes a properly warned statement to those investigating his alleged crimes.[1]

1. In such instances, the more appropriate charge may be false swearing in violation of

Accordingly, we find that the military judge had no duty to inquire concerning the "exculpatory no" defense and the first assignment of error is without merit.

█ In the third assignment of error, the appellant urges an improvident plea because the military judge failed to secure an affirmative waiver of the statute of limitations. The offense of larceny was a continuing one, the inception of which places it outside the then applicable statute of limitations.[2] The government concedes this was error. The appellant requests that the finding of guilty to Charge I and its Specification be set aside, together with the sentence, and a rehearing authorized. We cannot find from the record that the appellant was aware of the correct statute of limitations and, certainly, he was not advised of such by the military judge.

The larceny offenses committed before 14 November 1986 were subject to a three-year statute of limitations. UCMJ art. 43(b), 10 U.S.C. § 843(b). The charges were received by the summary court-martial convening authority on 26 January 1988. It follows therefore, that the portion of the larceny occurring between 1 February 1983 and 25 January 1985 was barred by the statute, and that occurring between 26 January 1985 and 1 September 1987 was not barred. The allied papers together with the appellant's Personnel Qualifications Record (Prosecution Exhibit 2) corroborate that, during the period 26 January 1985 to 1 September 1987, the larceny involved more than $10,000 in unauthorized allowances. Moreover, the stipulated testimony included all the other elements of larceny. Although there was error, we do not find that it renders the entire plea to the larceny charge improvident. The appellant's plea to that portion of the larceny not barred by the statute of limitations is provident. *United States v. Snodgrass*, 22 M.J. 866 (A.C.M.R.1986), *petition denied*, 24 M.J. 234 (C.M.A.1987).

Article 134, UCMJ.

**2.** Appellant's plea was to larceny of over $12,000 during the period 1 February 1983 until 1 September 1987. Revised Article 43, UCMJ, provides a five-year statute of limitation for larce-

Only so much of the Specification of Charge I as provides that Staff Sergeant Clifton R. Prater, Headquarters Supply Company, 426th Supply and Transport Battalion, 101st Airborne Division (Air Assault), did, in the vicinity of Lucius D. Clay Caserne, Garlstadt, Federal Republic of Germany, and Fort Campbell, Kentucky, and other locations enroute between the aforementioned, from approximately 26 January 1985 to 1 September 1987, steal U.S. currency of a value in excess of $10,-000 in unentitled military benefits, the property of the U.S. Army, is affirmed. As thus changed, the findings of guilty of Charge I and its Specification and the findings of guilty of all remaining charges and specifications are affirmed.

We have considered the matters personally raised by the appellant and find them to be without merit.

█ On the basis of the error noted, and in the interests of judicial economy, we will reassess the sentence. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). We find that the difference in the magnitude of appellant's delicts based on the approved findings of guilty is insignificant and would not substantially affect the sentence imposed by the military judge. Moreover, the pretrial agreement included two years confinement and total forfeitures of pay and allowances. Clearly the military judge's sentence was less than the pretrial agreement and is appropriate without further reduction. *See United States v. Hendon*, 6 M.J. 171 (C.M.A.1979). The accused's own sentence proposal is a reasonable indication of fairness to him. *United States v. Johnson*, 41 C.M.R. 49 (C.M.A.1969). *But see United States v. Kinman*, 25 M.J. 99, 101 (C.M.A.1987). Thus reassessing on the basis of the entire record, the sentence is affirmed.

Chief Judge HOLDAWAY concurs.

ny. However, the former three-year statute applies to offenses committed prior to 14 November 1986. *See United States v. Jones*, 26 M.J. 1009 (A.C.M.R.1988).

CARMICHAEL, Judge, concurring in part and dissenting in part:

Relying on the providence inquiry and the stipulation of fact, I agree that the appellant's plea of guilty was provident to a portion of the larceny charge. As a maximum, the appellant did, at Fort Campbell, Kentucky, from 24 December 1986 through 1 September 1987, steal more than $100.00 in unentitled military benefits from the Army. Although I would narrow the scope of the larceny affirmed by the majority, I concur in all other aspects of Senior Judge Thornock's principal opinion, to include affirmance of the appellant's sentence upon reassessment.