**UNITED STATES**

v.

**Technical Sergeant James E. CRAWFORD, FR237–78–8948 United States Air Force.**

**ACM S28313.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 July 1989.

21 Feb. 1992.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Colonel Jeffrey

R. Owens, Major Ronald G. Morgan, and Major Mary C. Yastishock.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Paul H. Blackwell, Jr., Major Leonard R. Rippey, and Captain David C. Wesley.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

RIVES, Judge:

In this case,[1] we further refine application of the Court of Military Appeals decision in *United States v. Craig*, 28 M.J. 321 (C.M.A.1989). *Craig* requires the record of trial and allied papers to demonstrate that the convening authority considered post-trial clemency submissions of an appellant. *See* Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); R.C.M. 1107(b)(3)(A)(iii). To test questionable records for compliance, we will use our fact-finding power and draw appropriate conclusions. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

A precursor of *Craig* is *United States v. Hallums*, 26 M.J. 838 (A.C.M.R.1988). In that case, the Army Court of Military Review decided it would not be appropriate to "guess" whether a convening authority had considered clemency materials; the Court set aside the action and returned the record for new staff judge advocate recommendations and convening authority action. 26 M.J. at 841. The Court of Military Appeals approved that approach, concluding that a remand will usually be appropriate when it is uncertain whether a convening authority properly considered defense submissions. *Craig*, 28 M.J. at 325.

Faced with an ambiguous record in *United States v. Blanch*, 29 M.J. 672, 673 (A.F.C.M.R.1989), this Court accepted an affidavit from the convening authority[2]

---

1. At his special court-martial, appellant was convicted, contrary to his pleas, of using marijuana. The convening authority approved the sentence adjudged by the military judge: a bad-conduct discharge and reduction to E–4.

2. The affidavit was submitted in response to our order for appellate government counsel to show cause why the action of the convening authority should not be set aside as premature. *See United States v. Youngren*, 28 M.J. 255 (C.M.A.1989). We have issued similar orders in many subsequent cases, which has caused the government

that he had in fact considered the appellant's clemency matters before taking action. We did not require a new action. Subsequently, we published a series of decisions to help staff judge advocates avoid *Craig* issues. The combination of our decisions in *United States v. Foy*, 30 M.J. 664 (A.F.C.M.R.1990) (en banc), *United States v. Pelletier*, 31 M.J. 501 (A.F.C.M.R.1990), *pet. denied*, 32 M.J. 223 (C.M.A.1990), and *United States v. Godreau*, 31 M.J. 809 (A.F.C.M.R.1990) (en banc), *pet. denied*, 33 M.J. 178 (C.M.A.1991), provides guidance for staff judge advocates to help reviewing authorities infer from the record that the convening authority had considered an appellant's submissions. We advised that when the defense submits such matters, staff judge advocates should—

(1) prepare an addendum,
(2) state in it that the defense matters are attached,
(3) advise the convening authority that he must consider them,
(4) refrain from implying otherwise,
(5) attach them, and
(6) list them as attachments.

Addenda that have followed that advice have precluded the issue of whether convening authorities had properly considered defense submissions.

The addendum in this case summarizes the clemency matters in three sentences, does not list them as attachments, and does not advise the convening authority of his responsibility to personally consider them. The convening authority signed a boilerplate statement at the bottom of the addendum that he concurred with the staff judge advocate's recommendation and approved the sentence as adjudged. Because of the incomplete advice in the addendum, the record was not as clear as it could have been that the defense submissions were provided to the convening authority. We questioned whether we should infer that he did in fact consider them. The situation was further complicated by the fact that this case was convened at Clark Air Base

in the Philippines, a base which the United States Air Force had permanently evacuated by the time we considered this appeal.

Since the *Craig* issue had not been raised by appellate counsel, we issued a show cause order. In response, we received two affidavits. The convening authority (now retired), reports that while he does not "specifically recall" appellant's case, upon reviewing the staff judge advocate's recommendation and its addendum he recognizes his signature on the addendum. He further states:

> During this period of time, it was standard procedure for my legal staff to prepare a recommendation after a trial was completed. If the accused submitted matters, my SJA always attached them to an addendum and informed me that I had to review the accused's submissions before taking action on the findings and sentence. I always followed this advice from my SJA and I am confident that I did so in [appellant]'s case.

The acting staff judge advocate in appellant's case also provided an affidavit. He begins by noting, "I do not remember the exact details of my dealings with the convening authority in this case." However, he bolsters the government's position by describing his normal practice of providing all defense submissions and orally briefing the convening authority that he must consider matters submitted by the defense prior to taking action.

The affidavits are noteworthy for their candor. However, in and of themselves, they do not clearly resolve the issue of whether appellant's post-trial submissions were considered before the action was taken. Predictably, the parties differ in their views of the impact of the affidavits on the *Craig* issue. Appellate government counsel ask us to apply a presumption of regularity, *see United States v. Moschella*, 20 U.S.C.M.A. 543, 43 C.M.R. 383 (1971), and find the action proper. The defense, on the other hand, asks us to find the action premature because the convening authority is

to obtain one or more affidavits attesting to the missing facts in each affected case. The government has been able—routinely—to show

through such affidavits that the defense submissions were considered.

unable to specifically recall that he did in fact consider appellant's post-trial submissions prior to his action. *See Godreau*, 31 M.J. at 812.

Last year,[3] this Court took "the opportunity to assure appellate counsel: 'close' counts in horseshoes, hand grenades and, generally, in *Craig* issues." Staff judge advocates who follow our advice in *Foy*, *Pelletier*, and *Godreau* will avoid uncertainty on this issue. However, those cases do not *require* any magic talismans whose absence is *ipso facto* fatal. *United States v. Wilson*, 33 M.J. 512, 513 n. 4 (A.F.C.M.R. 1991).

When a record leaves a question as to whether post-trial matters were considered before the convening authority's action, we will examine the entire record in an effort to resolve that doubt. *See United States v. Coder*, 27 M.J. 650, 652 (A.C.M.R.1988), *pet. denied*, 28 M.J. 265 (C.M.A.1989); *United States v. Moore*, 27 M.J. 656, 658 (A.C.M.R.1988). Here, the military judge informed appellant of his appellate rights after findings were announced. Shortly before arguments on the sentence, the trial counsel provided appellant with written advice on submitting matters to the convening authority. The trial defense counsel examined the record of trial, and appellant was provided a copy of it. Thereafter, the staff judge advocate's recommendations were served on the defense. Ten days later, the defense counsel

responded, alleging certain legal errors and petitioning for clemency. The response from the defense listed a letter from appellant and four clemency letters from other military members as attachments. The addendum to the recommendation is a half-page document comprised of ten sentences; as discussed, it fails to advise the convening authority of his personal responsibility to review defense submissions and does not list those materials as attachments. The post-trial defense submissions do not contain initials or any other indication that they were considered by the convening authority. The action is dated one day after the addendum. Finally, we have the post-trial affidavits from the convening authority and his staff judge advocate. This convening authority was aware of his responsibility to consider defense submissions before acting on a case, and says he always did so. However, he does not specifically recall appellant's case. *Cf.* Mil.R.Evid. 406 (providing that evidence of habit or routine practice is relevant to prove that a person's conduct on a particular occasion was in conformity with the habit or routine practice).

Under the circumstances of this case, we find as a matter of fact that there is just enough to keep us from "guessing."[4] *See* Article 66(c), UCMJ. We conclude that the defense clemency materials were properly considered by the convening authority.[5] Again, however, we caution

---

3. *United States v. Lockhart*, ACM S28812, 1991 WL 34848 (A.F.C.M.R. 4 January 1991) (further review) (unpublished).

4. Courts have sometimes applied a presumption of regularity to the official acts of a convening authority. *United States v. McClain*, 22 M.J. 124, 133 (C.M.A.1986) (Cox, J., concurring in the result); *Moschella, supra*; *United States v. Cunningham*, 21 M.J. 585, 586 (A.C.M.R.1985), *pet. denied*, 22 M.J. 275 (C.M.A.1986). The presumption has been *extended to support official acts* of "subordinate commanders and staff officers." *United States v. Young*, 49 C.M.R. 133, 137 (A.F.C.M.R.1974); *see Foy*, 30 M.J. at 666. We are not willing to "presume regularity" for *Craig* issues; instead, we will carefully examine the record to determine whether post-trial submissions were properly considered.

5. We do not, of course, expect every record to lead *us to such a* conclusion. However, the

legislative and executive intent as to certain deficiencies in post-trial administration is for us to repair such defects here (without a remand), through sentence relief. *United States v. Komorous*, 33 M.J. 907, 911–12 (A.F.C.M.R.1991); *see United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988); *United States v. Goodes*, 33 M.J. 888 (C.G.C.M.R.1991). In appropriate cases, we will take corrective action when we cannot be certain that the convening authority considered defense submissions before acting under R.C.M. 1107. The error will be examined for prejudice. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Davis*, 33 M.J. 13, 17 (C.M.A. 1991) (Sullivan, C.J., concurring); *United States v. Moody*, 27 M.J. 683, 684 (A.C.M.R.1988), *aff'd*, 31 M.J. 432 (C.M.A.1990). We will be extremely generous in evaluating possible prejudice, since a convening authority may disapprove findings and reduce or disapprove a sentence for any reason and for no reason. R.C.M. 1107(b)(1).

staff judge advocates to follow the clear statute, rules, and well-established case law to avoid any question as to whether a convening authority properly considered defense submissions before taking action. *Craig* issues occupy an excessive amount of appellate energy and post-trial time, delaying cases from a final result and diverting increasingly strained resources from review of other cases—all for the sake of addressing an unnecessary ambiguity that has uniformly turned out to be a lesson in poor administration that had no substantial impact upon the appellants involved.

 We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial[6] to the substantial rights of the accused was committed. *See United States v. Dunbar*, 31 M.J. 70 (C.M.A.1990). Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge LEONARD and Judge JAMES concur.

---

When we conclude that we cannot foreclose the possibility of prejudice, we may find it appropriate to act as we believe the convening authority would have acted, as best the circumstances then permit us, to cure the error. We could remedy the error in our action on the sentence. We are confident that our remedial measure would be at least as generous as the convening authority's would have been. *Cf. United States v. Sales*, 22 M.J. 305 (C.M.A.1986) (concerning sentence reassessment after a finding of guilty has been set aside).

6. We agree with appellant that trial counsel's sentencing argument improperly urged that appellant "had failed to accept responsibility for what he had done" and "had not admitted what he had done." *See United States v. Jones*, 30 M.J. 898 (A.F.C.M.R.1990); *United States v. Turner*, 30 M.J. 1183 (A.F.C.M.R.1990). No objection was lodged. *See* R.C.M. 1001(g); *United States v. Lips*, 22 M.J. 679, 683 (A.F.C.M.R.1986); *pet. withdrawn*, 22 M.J. 366 (C.M.A.1986). More significantly, this special court-martial was a bench trial. We conclude the appellant was not harmed by the improper argument. Article 59(a), UCMJ; *see United States v. Eck*, 10 M.J. 501 (A.F.C.M.R.1980); *pet. denied*, 10 M.J. 289 (C.M.A.1981).