**UNITED STATES, Appellee,**

v.

**Private First Class Kenneth A. KIMBLE, 361–52–8682, United States Army, Appellant.**

**ACMR 9200503.**

U.S. Army Court of Military Review.

30 Oct. 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Paul H. Turney, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, he was found guilty of arson of a privately-owned vehicle, in violation of Article 126, Uniform Code of Military Justice, 10 U.S.C. § 926 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for eighteen months, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts that he was prejudiced by the failure of the convening authority to consider submitted clemency matters, as the record fails to affirmatively demonstrate these matters were considered by the convening authority. The actual issue presented here is whether the post-trial documents must contain some affirmative showing by the convening authority that he saw and considered appellant's submissions. We hold there is no such affirmative duty and affirm the findings of guilty and the sentence.

After trial, appellant submitted clemency matters which consisted of several documents. In an addendum to his post-trial recommendation, the staff judge advocate stated,

On 20 April 1992, the defense submitted matters for your consideration pursuant to [Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 and 1106]. These matters consist of the *attached* one page submission from defense counsel, two page submission from the accused, three page submission of testimony from MSG Tilley, and a two page submission of testimony by CPT Reppert [emphasis added].

The addendum advises the convening authority that no legal issues have been presented, summarizes the basis for the clemency request, indicates that the staff judge advocate does not concur with the request, and adheres to the previous recommendation to approve the sentence adjudged. At the bottom of the addendum appears "Atch."

In *United States v. Hallums*, 26 M.J. 838 (A.C.M.R.1988), it was held that this Court would not guess as to whether clemency matters were attached to the staff judge advocate's recommendation or considered by the convening authority. "There must be some tangible proof that the convening authority did, in fact, have these matters presented to him." *Id.* at 841. The United States Court of Military Appeals has cited *Hallums* with approval. *United States v. Craig*, 28 M.J. 321, 325 (C.M.A.1989). The remedy is usually a remand for a new recommendation and action. *Id.; see also United States v. Hill*, 27 M.J. 293, 296 (C.M.A.1988).

 In the case *sub judice*, this Court is not left to "guess" whether appellant's clemency matters were presented to the convening authority. The staff judge advocate's addendum clearly describes each document submitted and states that they are attached. The addendum and the recommendation are both addressed to the convening authority. Where the recommendation or addendum clearly describes the matters submitted by an accused and clearly indicate that those documents are attached, we hold that there is no requirement for an affirmative statement or indication by the convening authority that he has reviewed those matters.

 The issue here is frequently presented to this Court. In the Army the recommendation and any subsequent addendum are normally in the form of a memorandum, as in this case. Use of the publication commonly called the "Correspondence Manual" would eliminate any question relating to attachments or enclosures

added to or withdrawn from the recommendation. *See* Army Reg. 25–50, Information Management: Preparing and Managing Correspondence, Chapter 5 (21 Nov. 1988) [hereinafter Correspondence Manual].[1] It is suggested the provisions of that regulation be followed in preparing the post-trial recommendation and any subsequent addendum.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.

---

1. Under the Correspondence Manual, enclosures must be described in the body or at the left margin on the same line that the signature block begins. Where the enclosures have been sufficiently described in the body of the correspondence, "as" (as stated) should be used. Where enclosures are not identified in the body of the memorandum, each enclosure must be listed by number and described.