**UNITED STATES, Appellee,**

v.

**Sergeant Robert E. ERICSON, 006–76–3395, United States Army, Appellant.**

**ACMR 9300154.**

U.S. Army Court of Military Review.

27 Aug. 1993.

For Appellant: Captain Robert L. Carey, JAGC, Captain Don F. Pollack, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Joseph C. Swetnam, JAGC, Captain Kenneth G. Wilson, JAGC (on brief).

Before De GIULIO, MORGAN, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, he was found guilty of conspiracy to distribute marijuana and distribution of marijuana, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (1988). He was sentenced to a bad-conduct discharge, confinement for fifteen months, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

 Appellant asserts, inter alia, that the record fails to show affirmatively that all the post-trial matters were brought to

the attention of the convening authority and that the convening authority considered them. We find the assertion without merit and affirm.

After the post-trial recommendation was served on appellant, he submitted a petition for clemency, attaching three enclosures. In an addendum to his recommendation, the staff judge advocate informed the convening authority that, before taking action, he must consider the petition for clemency and the three enclosures. At the bottom of the addendum to his recommendation is a statement that the convening authority considered the petition for clemency, including the three enclosures. Below the statement is the signature block of the staff judge advocate. The staff judge advocate failed to sign this part of the document.[1] This failure resulted in appellant's assertion of error.

■ There must be some tangible proof that the convening authority saw the clemency materials and considered them prior to action. See *United States v. Craig*, 28 M.J. 321 (C.M.A.1989); *United States v. Hallums*, 26 M.J. 838 (A.C.M.R.1988). "[T]his court will not 'guess' as to whether clemency matters prepared by the defense counsel were attached to the recommendation or otherwise considered by the convening authority." *Hallums*, 26 M.J. at 841. Where, however, the recommendation or the addendum clearly describes the matters submitted by an accused and clearly indicates those documents are attached, there is no requirement for an affirmative statement by the convening authority that he reviewed those matters. *United States v. Kimble*, 35 M.J. 904 (A.C.M.R.1992).

In the case before us, we are satisfied that the staff judge advocate's addendum, even absent his unsigned statement, sufficiently described the clemency matters submitted by appellant. We are not left to "guess" as to what the convening authority considered. The assertion of error is without merit.

1. This court admitted, as an appellate exhibit, an affidavit by the staff judge advocate stating that the convening authority considered the results of trial, the recommendation, and the peti-

The remaining assertions of error, to include the error personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge MORGAN and Judge GONZALES concur.

tion for clemency, including the three enclosures. The staff judge advocate stated that he inadvertently forgot to sign that part of the memorandum.