**UNITED STATES, Appellee,**

v.

**Specialist Four Jorge M. SAVINOVICH, 582–55–2125, United States Army, Appellant.**

**ACMR 8700464.**

U.S. Army Court of Military Review.

15 March 1988.

906

For appellant: Major Dale K. Marvin, JAGC, Captain Richard J. Anderson, JAGC, Captain Audrey H. Liebross, JAGC, USAR (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Richard D. Rubino, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was convicted by general court-martial, pursuant to his pleas, of absence without leave and two specifications of dishonorable failure to pay a just debt, in violation of Articles 86 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 934. The convening authority approved his adjudged sentence to a bad-conduct discharge, confinement for four months, forfeiture of $400.00 pay per month for four months, and reduc-

tion to the grade of Private E–1. Before this court appellant contends that the military judge erred in accepting his guilty pleas to dishonorable failure to pay just debts, arguing that he admitted guilt of an offense not charged in that the offenses he committed should have been instead charged as obtaining services under false pretenses, in violation of Article 134, UCMJ. Appellant also asserts that the element of "dishonorable" is missing from the failure to pay in this case because, after he incurred the debts, he attempted to arrange repayment and that his failure to satisfy his obligation was the result of his apprehension and financial inability.

The providence inquiry and the supporting stipulations of fact established that appellant was a reservist who was called to active duty to serve a tour in Guatemala. While in Guatemala, he stayed for ten days first in United States Embassy leased housing and incurred charges of approximately $6,000.00 for 71 international telephone calls which he left unpaid. Appellant told a clerk in the administrative office of the Embassy that he would pay for the calls. He then occupied for one month an apartment rented by a civilian, failed to pay $350.00 in rent, and incurred a bill of approximately $6,700 for 65 international telephone calls which were charged to his landlady and which he did not pay although he had assumed responsibility for those charges as part of his lease. Appellant was aware, from an earlier phone call made from a local hotel when he arrived in Guatemala for which he paid on check-out, of the approximate rate charged for international telephone calls. He did not care about the size of the debt he incurred or about how it would be repaid. As he conceded at trial, appellant knew that he was not and would not be able to pay the charges and was grossly indifferent to his liability for the debt. After his civilian landlady complained to the U.S. Embassy about the telephone bill, the appellant was immediately counseled by his military superior. The appellant went to the telephone company to make payment arrangements but he never made any payments and, in fact, no repayment schedule was agreed

upon. Because of the telephone bills and a perceived lack of help from personnel in Guatemala, the next morning appellant borrowed money for a one-way airline ticket and went absent without leave from Guatemala to his unit in Panama where he was apprehended and placed in pretrial confinement. As a result of government recoupment of advance pay, appellant received no pay during the period in question. When he received some pay over two months after the debts were incurred, appellant used none of that money to satisfy any of the debts charged.

## I

The offense of failure to pay just debts, in violation of Article 134, UCMJ, requires that the failure to pay be dishonorable. The general proposition is that, unless the failure to pay is characterized by willful evasion, bad faith, or false promise, the conduct is not dishonorable. *United States v. Kirksey*, 20 C.M.R. 272 (C.M.A. 1955). More than mere negligence is necessary. *Id.; United States v. Cummins*, 26 C.M.R. 449 (C.M.A.1958); Manual for Courts–Martial, United States, 1984, Part IV, para. 71c [hereinafter cited as M.C.M., 1984]. Moreover, we believe that the element of "dishonorable" in the failure to pay can be shown by conduct *at the time of the incurring of the debt* and not just by conduct subsequent to that time. *See, e.g., Cummins, supra* (accused did not disclose other loans when he applied for the unpaid one, although the loan form did require full disclosure, he never made any payment on the loan and he ignored a letter requesting repayment). The mere failure to pay a debt promptly does not constitute a violation of military law. Winthrop, Military Law and Precedents 715 (2d ed. 1920 reprint). To constitute a court-martial offense the debt must have been "contracted under false representations, or the failure to pay characterized by deceit, evasion, false promises, denial of indebtedness, etc., and the neglect to discharge the obligation ... continued for an unconscionable period." *Id.* Further, gross indifference is sufficient to meet the proof requirements

**908**

for this offense. *See United States v. Bonar*, 40 C.M.R. 482, 484 (A.B.R.1969); M.C.M., 1984, para. 71c ("[t]he failure to pay must be characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude toward one's just obligations"). The Air Force board of review confronted a case of unpaid telephone bills in *United States v. Rusterholz*, 39 C.M.R. 903 (A.B.R.1968). There the accused over a three month period accumulated almost $200 of unpaid bills, of which he paid about $35. The board recognized that "[a] failure to pay a debt is not dishonorable ... unless there is bad faith or gross indifference on the accused's part. There must be proof of some variety of fraudulent or deceitful purpose, to support a conviction of this offense," although it held that not enough had been shown in that case. *Id.* at 908 (citing *Kirksey, supra*).

■ Here we are confronted with an accused who accumulated well over $12,000 in debt, knowing that he did not, and would not, have the funds to pay those debts, indeed recognized that the amount of this debt exceeded his total combined pay for more than eight months, made false representations about payment for the calls, and did not even make partial payment. Under these circumstances we conclude that appellant's gross indifference constituted a dishonorable failure to pay.

■ With respect to his inability to pay, "[s]imple inability to pay a debt, contracted without wrongful intention, is a defense" to a charge of dishonorable failure to pay. *United States v. Stevenson*, 30 C.M.R. 769, 775 (A.F.B.R.1960) (citing *United States v. White*, 25 C.M.R. 733 (N.B.R.1957)). Here, however, we have found that the debt was contracted with culpable motivation and thus any subsequent inability to pay does not constitute a defense.

We further note that the military judge was alert to the issue of dishonorableness and the potential defense argument, made before us, that the offenses should have been charged as obtaining services under false pretenses. He aimed his providence inquiry at that issue and meaningfully related the elements of the charged offenses to the appellant's conduct, satisfied himself that the accused was motivated by a grossly indifferent attitude and was convinced that not only the failure to pay the debts was dishonorable but that the accruing of the debts was dishonorable as well. We commend his alertness to the issue in this case, his call for further legal research by counsel, his thorough inquiry and his specific findings for the record. The military judge "sorted out" the guilty plea, determined the appellant was pleading guilty because he committed the offenses charged, and made the appropriate findings for the record. *See United States v. Penister*, 25 M.J. 148, 153 (C.M.A.1987) (Cox, J., concurring). He found the pleas provident and we see no reason to conclude otherwise.

II

■ Finally, even should the defense contention regarding the nature of the offense be correct, there is no reason to grant relief. Both dishonorable failure to pay a debt and obtaining services under false pretenses are offenses under Article 134, UCMJ. Both require that the conduct of the offender be of a service-discrediting nature. The first, and the offense charged here, carries a maximum punishment of confinement for six months, a bad-conduct discharge, and total forfeitures, while the second, with which the appellant complains he should have been charged, carries a maximum punishment of confinement for five years, a dishonorable discharge, and total forfeitures. *Compare* M.C.M., 1984, para. 71 *with* M.C.M., 1984, para. 78. A review of the record shows that the appellant in this case admitted acts sufficient to establish guilt to a charge of obtaining services by false pretenses, as indeed appellant recognizes in his pleadings to this court and as the military judge noted: "it would have been more appropriate had the accused been charged with obtaining services under false pretenses since it appears that at the time he made the phone calls he either did not intend to pay for them or at

least didn't care whether they were paid for or not."

"[I]n dealing with guilty pleas, [the Court of Military Appeals has] not hesitated to uphold a conviction when the providence inquiry clearly establishes guilt of an offense different from but closely related to the crime to which the accused has pleaded guilty." *United States v. Epps*, 25 M.J. 319, 323 (C.M.A.1987) (quoting *United States v. Wright*, 22 M.J. 25, 27 (C.M.A. 1986)). "[I]f an accused pleads guilty and then at the providence inquiry, he gives sworn testimony which clearly establishes his guilt of a different but closely-related offense having the same maximum punishment, we may treat that accused's pleas of guilty as provident." *Epps, supra.* That same principle applies here where the specifications in question fully informed the appellant of the essential facts constituting the offenses charged against him and the providence inquiry clearly established his guilt to closely-related offenses having a punishment significantly greater than the charged offenses. Accordingly, we find appellant's pleas were provident.

The findings of guilty and the sentence are AFFIRMED.

Judges LYMBURNER and SMITH, concur.