UNITED STATES, Appellee,

v.

Staff Sergeant Stanley E. HARRISON, 540–74–8322, United States Army, Appellant.

ACMR 8702059.

U.S. Army Court of Military Review.

12 April 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Trial defense counsel submitted a request for clemency to the convening authority pursuant to Manual for Courts-Martial, United States, 1984, Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106. The appellant now asserts error in the failure of the staff judge advocate (SJA) to comment thereon. Notwithstanding that trial defense counsel labelled his submission, in part, as being under R.C.M. 1105, because no allegation of legal error was raised therein, no response by the SJA was required. *Cf. United States v. Ghiglieri*, 25 M.J. 687, 690 (A.C.M.R.1987) ("R.C.M. 1106(d)(4) requires an SJA to state whether corrective action is necessary in response to allegations of *legal error* submitted by an accused under R.C.M. 1105.") (emphasis added). This court is satisfied, from the record and allied papers, that these defense matters were reviewed by the convening authority prior to action. *See United States v. Stafford*, 21 M.J. 298 (C.M.A.1985) (summary disposition) (SJA's failure to serve trial defense counsel's petition for clemency on convening authority was prejudicial error). We have considered the matters raised in the petition for clemency and find the sentence appropriate. Accordingly, the findings of guilty and the sentence are AFFIRMED.