UNITED STATES, Appellee,

v.

Private First Class Kevin P. HENSLEY, 490–86–9653, United States Army, Appellant.

ACMR 8702767.

U.S. Army Court of Military Review.

18 July 1988.

For appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, First Lieutenant Jonathan F. Potter, JAGC (on brief).

Before DeFORD, KANE and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

The appellant was tried by a military judge sitting as a special court-martial. Contrary to his pleas, appellant was convicted of fifteen specifications of dishonorably failing to maintain sufficient funds for the payment of checks drawn on his bank account in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. His sentence to a bad-conduct discharge, confinement for 30 days, forfeiture of $438.00 pay per month for three months and reduction to Private E-1 was approved by the convening authority.

The appellant contends that his conviction is not supported by the evidence of record. We agree.

■ Failure to maintain a proper bank balance alone does not evidence the culpably dishonorable conduct required for a conviction under Article 134, UCMJ; the conduct of the accused must be characterized by bad faith or gross indifference in his failure to maintain sufficient funds on deposit to meet the financial obligations of checks drawn on his account. *See* Manual for Courts-Martial, United States, 1984 [hereinafter MCM], para. 68 c. *See also United States v. Savinovich*, 25 M.J. 905, 907 (A.C.M.R.1988) (the failure to maintain sufficient funds must be characterized by deceit, evasion, false promises, or denial of indebtedness).

■ In the case at bar, the evidence introduced at trial implies that appellant had no experience with checking accounts prior to entering the service. We find from the record that the appellant had a long standing history of difficulties with money management and with maintaining his financial records during his term of service. The government introduced evidence that, because of prior incidents of "bounced" checks, the appellant had attended a number of classes on balancing his checkbook and had received personal assistance both from Army Community Service and his bank in an effort to teach him the proper way to maintain a "running" balance in his checkbook. In October of 1987, he nevertheless wrote fifteen overdrafts on his account which are the subject of the specifications for which he was convicted. The convictions are premised on his failure to maintain a "running balance" in his checkbook during the same period.

In September of 1987, the appellant had directed a change in his monthly pay option. He deleted his midmonth direct deposit payment and elected instead to re-

ceive an end-of-month direct deposit only. At the time he submitted the paperwork on this change, he was advised that the change would not be implemented until November of 1987. Appellant's Leave and Earnings statement for the month of September likewise indicated that he would receive a midmonth direct deposit in October. However, this change was implemented earlier than anticipated and he did not receive a midmonth payment in October.

The appellant's finances were further complicated during this period by two other developments. First, the appellant converted his account to a joint account with his wife who seems to have been as careless as her husband in maintaining a proper record of their check writing activities. Second, appellant received only a fraction of his usual pay due because of two collection actions by the finance office. All of these activities resulted in a substantial overwithdrawal of funds on the appellant's account. However, the amount of overwithdrawal personally attributable to the appellant only exceeded his usual midmonth pay by ten dollars. Appellant's balance at the beginning of the month of October exceeded ten dollars.

There is no evidence of record which would support an inference that the appellant incurred these debts with any criminally culpable intent. *See United States v. Savinovich*, 25 M.J. at 908. Nor can his subsequent conduct be characterized as evasive or deceitful. Therefore, the only theory which may support the element of dishonorable conduct in appellant's failure to maintain sufficient funds in his account is one of gross indifference. M.C.M., para. 71.

"Gross" means "flagrant and extreme." *The Random House College Dictionary* 582 (Revised Edition, 1980). "Indifferent" means "without interest or concern; not caring; apathetic." *Id.* at 677. In order to sustain a finding of guilty under this theory, the record must reflect beyond a reasonable doubt that the appellant's payment of the debt by check was with knowledge that "he did not, and would not have the funds" to honor those checks upon their receipt at his bank. *United States v. Savinovich*, 25 M.J. 908. Alternatively, we must find that the record establishes that the appellant's conduct regarding the payment of these checks was grossly indifferent subsequent to their dishonor.

While the appellant's conduct in failing to maintain a "running" balance in his checkbook was certainly negligent, we cannot find that exceeding the amount he justifiably expected to be deposited to his account by ten dollars constitutes the kind of gross indifference necessary to sustain the element of dishonorable conduct essential to a conviction. This is particularly true considering the considerable effort to which the appellant went to either redeem or to make arrangements to meet the obligations evidenced by the checks. The appellant redeemed several other returned checks, including some to the same payees as those named in the specifications. The appellant met the payees, including those to whom his wife had written checks, acknowledged his debt, and reaffirmed his intent to honor the obligations underlying the outstanding checks as soon as funds became available to him. *See United States v. Schneiderman*, 31 C.M.R. 80 (C.M.A.1961), and *United States v. Brand*, 28 C.M.R. 3 (C.M.A.1959). Under these circumstances, we are not satisfied beyond a reasonable doubt that appellant's conduct was dishonorable. *See* Article 66, UCMJ.

Accordingly, the findings of guilty of the Charge and its Specifications are set aside and the charges are dismissed.

Judge KANE and Judge SMITH concur.