**UNITED STATES, Appellee,**

v.

**Private E2 Steven D. HIGERD, 570–51–1662, United States Army, Appellant.**

**ACMR 8702226.**

U.S. Army Court of Military Review.

21 July 1988.

appellate review.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Keith W. Sickendick, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Carlton L. Jackson, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was convicted, pursuant to his pleas, of three specifications of distribution of marijuana and one specification of dishonorable failure to pay a just debt, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934, respectively [hereinafter UCMJ]. The convening authority approved his adjudged sentence to a badconduct discharge, confinement for two years, total forfeitures, and reduction to the grade of Private E–1. Before this court, appellant alleges several errors, none of which we determine merit relief.

I

A.

Appellant contends that his pleas of guilty were improvident. With regard to the dishonorable failure to pay a just debt offense, he focuses on the following collo-

quy between himself and the military judge:

MJ: Now what happened here? Was it impossible for you to pay this money or what?

ACC: No, Your Honor, the notice they sent me, I misinterpreted it. It had a statement on it saying that if these debts were not paid they were going to subtract them from my pay check and I just assumed that they were going to withdraw the money out of my paycheck.

MJ: All right.

ACC: I guess I got lazy and I said, they can take that out of my pay check.

MJ: So you didn't do anything about responding to this letter?

ACC: No, Your Honor.

Appellant asserts that this inquiry into the factual predicate for his plea, pursuant to *United States v. Care*, 40 C.M.R. 247 (C.M. A.1969), shows only mere negligence which is insufficient to constitute the culpable misconduct necessary to support the charge of dishonorable failure to pay a debt. *See* Manual for Courts-Martial, United States, 1984, Part IV, para. 71c [hereinafter M.C.M., 1984]; *United States v. Kirksey*, 20 C.M.R. 272 (C.M.A.1955).

■ "The general proposition is that, unless the failure to pay is characterized by willful evasion, bad faith, or false promise, the conduct is not dishonorable." *United States v. Savinovich*, 25 M.J. 905, 907 (A.C. M.R.1988). However, "the element of 'dishonorable' in the failure to pay can be shown by conduct *at the time of the incurring of the debt* and not just by conduct subsequent to that time." *Id.* (emphasis in the original). In this case, as initially related by the appellant during the *Care* inquiry, he wrote several checks on the 26th of the month, "thinking that my pay check on the end of the month would come in and cover them before they would bounce." When confronted by the military judge with the contrary stipulation of fact, the

appellant then acknowledged that the three checks were written on 3 April, 30 April, and 5 May 1987, respectively. The appellant next attempted to rationalize his failure to honor the dishonored checks by asserting his belief that they would be paid through payroll deduction. However, the appellant took no action to satisfy the indebtedness and did not respond to the worthless check notification.

■ At the time the appellant wrote each check, he obtained something of value under a false representation, i.e., the representation implied in the issuance of a check that the money will be there to cover the face amount of the check.[1] This is not a case where we are faced with a simple failure to pay an honestly contracted-for debt. There was deceit at the inception.[2] This deceit, in conjunction with appellant's admitted subsequent grossly indifferent attitude toward his obligation and in light of his concession to the military judge that his conduct was dishonorable, is sufficient to render the guilty plea provident.

## B.

■ The appellant also contends that his pleas of guilty to the distribution offenses were improvident, in that he raised the defense of entrapment during the *Care* inquiry and in his testimony during the sentencing hearing by his statements that the distributions were initiated by a covert government drug suppression team member. Although entrapment is raised by evidence that "the suggestion or inducement for the offense originated with a government agent," *United States v. Vanzandt*, 14 M.J. 332, 343 (C.M.A.1982), the defense does not lie where the accused is predisposed to commit the offense. *See id.* at 343–344; *United States v. Meyers*, 21 M.J. 1007, 1012 (A.C.M.R.1986). By his own account, appellant was merely asked by the undercover agent if he knew where to get marijuana. No further inducement or encouragement was necessary to cause him

---

1. *See* M.C.M., 1984, Part IV, para. 49c(1).

2. While an intent to deceive at the time of creation of the indebtedness is not an element

of the offense of dishonorably failing to pay a debt in violation of Article 134, UCMJ, its presence does not defeat prosecution.

to obtain marijuana from his supplier on three separate occasions. While he may have made no dollar profit from the distributions, his stated motive was to obtain a less concrete benefit, to wit, he wanted to make friends. Although this may not be the worst reason for engaging in drug activity, nevertheless the evidence of record shows sufficient predisposition to defeat an entrapment defense. The appellant stood ready, willing, and able to obtain the prohibited drugs on very short notice. There was no "direct conflict between the accused's plea and his following statements." *United States v. Logan*, 47 C.M.R. 1, 3 (C.M.A.1973) (footnote omitted).

## C.

 Although the military judge in this case, unlike the judge in *Savinovich*, did not "sort out" the guilty plea and make specific findings for the record, the trial inquiry is sufficient for this court to complete its review under Article 66, UCMJ, 10 U.S.C. § 866. *See* M.C.M., 1984, Rule for Courts–Martial [hereinafter R.C.M.] 910(h)(2). Looking at the entire record, we are satisfied that the appellant was pleading guilty because he, in fact, committed the offenses charged and so admitted. There was no inconsistency between the pleas and the inquiry sufficient to require rejection of the plea. The appellant's attempts to palliate his misconduct did not make the guilty pleas improvident.

## II

 Next, the appellant argues that the staff judge advocate erred in not commenting in his post-trial recommendation on allegations of legal error submitted by defense counsel in a "Petition for Clemency." *See* R.C.M. 1105 and R.C.M. 1106. The matters not discussed were: the military judge's written recommendation for clemency, the issue of entrapment, and an off-the-record

instruction of the military judge to the members of the court-martial. First, a staff judge advocate is not required to comment on clemency matters. *United States v. Harrison*, 26 M.J. 553 (A.C.M.R.1988). Second, this is not a case where this court has to "guess" as to whether the clemency matters were considered by the convening authority. *United States v. Hallums*, 26 M.J. 838 (A.C.M.R.1988). The trial defense counsel's petition and the military judge's recommendation were submitted to the convening authority, who indeed noted on them his consideration of the matter presented. *Cf. United States v. Stafford*, 21 M.J. 299 (C.M.A.1985) (summary disposition) (SJA's failure to serve trial defense counsel's petition for clemency on convening authority was prejudicial error). Nothing further is required.

With respect to the instructional issue, upon motion of appellate government counsel, and without objection, the court has admitted an affidavit by the military judge on the off-the-record instruction in question since it involved "some procedure or occurrence which ordinarily would be included in the record of trial and other proceedings...." *United States v. Roberts*, 22 C.M.R. 112, 115 (C.M.A.1956). The communication occurred when the president of the court-martial opened the door of the deliberation room and queried the military judge, in the presence of trial defense counsel and the accused, whether a general discharge could be adjudged. The military judge responded that the discharge options available to the court-martial were no discharge, a dishonorable discharge, or a bad-conduct discharge.

 Military judges should be conscious of the fact that their unrecorded communications with court members violate statutory and procedural proscription, UCMJ art. 39(b),[3] R.C.M. 920(d),[4] R.C.M. 1005(d),[5] R.C.M. 1103(b)(2)(B),[6] and may affect sub-

---

3. All proceedings other than deliberation and voting "shall be made part of the record...."

4. Instructions on findings shall be given on the record.

5. Instructions on sentencing shall be given on the record.

6. When sentence adjudged includes a bad-conduct discharge or exceeds that which may be adjudged by a special court-martial, the record of trial "shall include a verbatim written tran-

stantial rights of the accused. These discussions should not be handled informally and off-the-record. "If discussions of this nature do occur, they should be fully explained on the record so that it can be determined whether the accused was prejudiced thereby." *United States v. Svan*, 10 M.J. 784, 786–787 (A.F.C.M.R.1981) (citation omitted), *pet. denied*, 11 M.J. 365 (C.M.A.1981).

However, the absence of a contemporaneous record does not make determination of the prejudicial effect of a military judge's failure to discuss with counsel communications from and to court-members impossible. *See Rushen v. Spain*, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983). While the Supreme Court in *Rushen* recognized that a post-trial hearing can be used, military practice has long authorized the use of unrefuted post-trial affidavits by the military judge and trial participants to correct the record for this purpose. *See, e.g., United States v. Solak*, 28 C.M.R. 6 (C.M.A.1959); *Roberts*, 22 C.M.R. 112. Such unrecorded communications are part of the proceedings even though not reflected in the transcript and are subject to consideration on review. *United States v. Walter*, 16 C.M.R. 191 (C.M.A.1954); *see generally* Adamkewicz, *Appellate Consideration of Matters Outside of the Record of Trial*, 32 Mil.L.Rev. 1, 6–8 (1966).

■ In the instant case, the communication between the military judge and court members was tantamount to an additional or clarifying instruction on the type of discharge which the court was empowered to adjudge. Although not given on the record, *see* R.C.M. 1005(d), the instructions were legally correct and issued in the presence of the accused and his counsel, and without defense objection. Under the circumstances, the appellant suffered no prejudice. *Walter*, 16 C.M.R. 191. *See generally* R.C.M. 1005(f) (failure to object to an instruction constitutes waiver of the objection in the absence of plain error). Further, trial defense counsel presented this matter to the convening authority as support for his argument for clemency, presumably to show that the members were interested in giving appellant less than a punitive discharge. *See Hallums*, 26 M.J. 838; *Harrison*, 26 M.J. 553.

Lastly, as to the failure of the staff judge advocate to comment on the allegation of entrapment, we have determined the allegation to be without merit. Accordingly, the appellant was not prejudiced. *United States v. Thompson*, 26 M.J. 512 (A.C.M.R.1988); *United States v. Ghiglieri*, 25 M.J. 687 (A.C.M.R.1987).

The findings of guilty and the sentence are affirmed.

Judge LYMBURNER and Judge SMITH concur.

script of all sessions except sessions closed for