UNITED STATES

v.

**Monroe SILAS, Jr., 435 39 9568, Ship's Serviceman Third Class (E–4), U.S. Navy.**

**NMCM 89 4302.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 4 Oct. 1989.

Decided 10 Sept. 1990.

LT Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

LT Wade W. Parrish, JAGC, USNR, Appellate Defense Counsel.

LT Fredric D. Firestone, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before BYRNE, FREYER and STRICKLAND, JJ.

PER CURIAM:

In Charge II, the appellant was charged with 54 specifications of making and uttering drafts with intent to defraud. He pled guilty under each specification to the less-

er-included offense of dishonorably failing to maintain sufficient funds. After examining the record of trial, we specified the following issue:

> WAS THE MILITARY JUDGE'S PROVIDENCY INQUIRY INTO APPELLANT'S PLEAS OF GUILTY TO THE 54 SPECIFICATIONS OF DISHONORABLE FAILURE TO MAINTAIN SUFFICIENT FUNDS ADEQUATE? *See* paragraph 68, Manual for Courts–Martial, United States, 1984.

 As to Specifications 1 through 6, we read the providence inquiry as showing nothing more than simple negligence or simple indifference, as distinguished from the gross negligence or gross indifference that the law appears to require in order to demonstrate dishonorable conduct. Consequently, we are unable to affirm the findings of guilty based on the pleas to these specifications.

As to the remaining specifications, the questioning deals only with the appellant's knowledge of lack of sufficient funds in his account at the respective times that he made and uttered the drafts in question and his knowledge that the deposits he was making were not sufficient to cover the drafts that he was writing. Such knowledge does not directly address the character of the appellant's failure to place or maintain sufficient funds in the critical interval between uttering and presentment; nevertheless, where a series of drafts *which are known to be in excess of the drawee account's capacity to pay them* are written within a short period of time, we believe that dishonorable conduct and a purpose of evasion may logically be inferred. In this respect, the situation is analogous to incurring debts known to be in excess of one's ability to pay, which this court has held to constitute dishonorable conduct. As we said in *United States v. Brazel,* No. 89 2361 (NMCMR 13 November 1989):

> Although dishonorable failure normally is shown by conduct calculated to evade payment occurring after a debt is already due and payable and extending over a considerable period of time, the offense can also be committed by incurring a debt *animo furandi,* knowing

that payment will not be made because of recognized inability to pay, accompanied by actual nonpayment of the debt. *United States v. White,* 25 C.M.R. 733 (NBR 1958). This principle is deemed particularly *a propos* where, as here, the debt is incurred incrementally.

While the military judge should undoubtedly have required the appellant to address in more detail his attitude towards his failure to place or maintain sufficient funds, we think that, as in *United States v. Crouch,* 11 M.J. 128 (C.M.A.1981), we can draw the necessary inferences from his responses, and that *Crouch,* in conjunction with *United States v. Wimberly,* 20 U.S.C. M.A. 50, 42 C.M.R. 242 (1970), permits us to affirm the findings of guilty of Specifications 7 through 51. In addition, noting from the Charge Sheet that the drafts dated 22 March 1989 and thereafter bear the stamp, "ACCOUNT CLOSED," we have no hesitancy in affirming the findings of guilty of the remaining specifications concerning drafts dated 21 and 24 April 1989.

The findings of guilty of Specifications 1 through 6 of Charge II are set aside. The remaining findings of guilty are affirmed. In accordance with *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the sentence has been reassessed on the basis of the affirmed findings of guilty, has been found appropriate, and is affirmed.