**UNITED STATES**

v.

**Kelly B. CALL, 528 13 6824, Private (E-1), U.S. Marine Corps.**

**NMCM 89 2544.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 April 1989.

Decided 28 March 1991.

LT P.J. Wiernicki, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and FREYER, JJ.

FREYER, Judge:

Our specified issues [1] stem from the not uncommon situation in which an accused professes a simply negligent lack of attention to the status of his bank account until actually notified that his checks have been dishonored for non-sufficient funds; then, for the first time, he mentally confronts the insufficiency and the options for dealing with it and dishonorably opts to evade responsibility for the loss.

The above situation was set up by the providence inquiry in this case, which included the following:

1. I. CAN A DISHONORABLE FAILURE TO PLACE OR MAINTAIN SUFFICIENT FUNDS WHICH OCCURS ONLY AFTER PRESENTMENT AND DISHONOR CONSTITUTE A WORTHLESS CHECK OFFENSE UNDER ARTICLE 134, UCMJ, 10 U.S.C. § 834?

II. IF THE ABOVE SPECIFIED ISSUE IS ANSWERED IN THE NEGATIVE, ARE APPELLANT'S GUILTY PLEAS TO SPECIFICATIONS 1 THROUGH 6 OF CHARGE II PROVIDENT?

MJ: And after you got notice that the check—at some point you got notice that the check had not been honored by the Credit Union; is that right?

ACC: Yes, sir.

MJ: Did you take any action so that the check would be paid at that point?

ACC: No, sir.

MJ: Was this an intentional failure to act on your part?

ACC: Yes, sir.

MJ: Do you believe that under the circumstances your conduct was to the prejudice of good order and discipline as I have described that term to you?

ACC: Yes, sir.

MJ: Do you believe that that failure to place those funds in your account after you had notice was dishonorable?

ACC: Yes, sir.

MJ: Did you have sufficient opportunity to place funds in your account after you got that notice of dishonor, had you wanted to place those funds in your account?

ACC: Yes, sir.

MJ: And, nonetheless, you saw fit not to?

ACC: Yes, sir.

MJ: You knew you owed that money to the Exchange as well, didn't you?

ACC: Yes, sir.

The elements of the Article 134 worthless check offense, as set forth in paragraph 68, Part IV, Manual for Courts-Martial, United States, 1984, are as follows:

(1) That the accused made and uttered a certain check;

(2) That the check was made and uttered for the purchase of a certain thing, in payment of a debt, or for a certain purpose;

(3) That the accused subsequently failed to place or maintain sufficient funds in or credit with the drawee bank for the payment of the check in full upon its presentment for payment;

(4) That this failure was dishonorable; and

(5) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The third of the above elements has been interpreted as referring specifically to the period of time beginning when a check is uttered and ending when it is presented for payment. *United States v. Brand,* 10 U.S. C.M.A. 437, 28 C.M.R. 3 (1959); *United States v. Margelony,* 14 U.S.C.M.A. 55, 33 C.M.R. 267 (1963); *cf., United States v. Torbett,* 17 C.M.R. 650 (A.F.B.R.1954). Our specified issues, therefore, question whether or not the Article 134 worthless check offense is made out by the fact pattern described in the first paragraph above, *i.e.,* where the "dishonorableness" does not arise until after presentment. We answer clearly and unambiguously that it depends.

Dishonor and notice of dishonor of a check following its presentment confer upon the holder an immediate right of action against the drawer, Uniform Commercial Code, § 3–413(2), but neither event cancels the check nor discharges any underlying obligation of the drawer. Consequently, unless some other event intervenes which voids the check, it may be presented to the drawee bank anew, and, if the drawer's account then has sufficient funds or credits to pay the check, the bank may accept and pay it at that time. So long as the check remains outstanding, valid, and presentable, we see no reason for absolving the drawer of the obligation to place or maintain sufficient funds for its payment in full upon presentment merely because it was, once before, presented and dishonored for non-sufficient funds. We, therefore, hold that the relevant period of time with respect to the third element of the Article 134 worthless check offense does not necessarily end upon first presentment; rather, it continues while the check in question remains valid and payable upon presentment, at least until the drawer has reason to believe, per Uniform Commercial Code, § 4–404, or otherwise, that it would no longer be accepted, after which time the placement or maintenance of sufficient funds would be expected to be of no avail to any holder of the check.

It follows that, when a providence inquiry into an Article 134 worthless check offense discloses that such portion of the accused's conduct as is to serve as the basis for characterizing the conduct as dishonorable did not occur until after the initial presentment resulting in dishonor, it would be advisable for the military judge to pursue the matter as far as to secure the accused's admission that the check in question, to the accused's knowledge, continued to be valid and payable if subsequently presented during the time that the accused dishonorably failed to place or maintain sufficient funds.

Another theory on which findings of guilty in such a case may be affirmed when an accused pleads guilty derives from *United States v. Felty*, 12 M.J. 438 (C.M.A. 1982). We have previously held that dishonorable failure to pay a just debt is closely related to dishonorable failure to place or maintain sufficient funds, *United States v. Gibson*, No. 88 4393 (N.M.C.M.R. 30 May 1990). In fact, the term "dishonorable" in the Article 134 worthless check offense was borrowed from the dishonorable failure to pay a just debt offense, *United States v. Downard*, 6 U.S.C.M.A. 538, 20 C.M.R. 254 (1955), and has identical connotations, *Brand;* moreover, as mentioned in *Felty,* for whatever it may be worth, both offenses are charged under the same article of the Code. The maximum punishment also is the same, at least as long as each check, even if to the same payee, is deemed to give rise to a separate "debt upon an instrument."

Finding nothing in the providence inquiry inconsistent with the continued validity of the drafts in question, and, alternatively, applying the *Felty* doctrine to the facts of the instant case, we affirm the findings of guilty and the sentence as approved on review below.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.