UNITED STATES

v.

Roman J. CAMPOS, 452 51 0826 Corporal (E–4), U.S. Marine Corps.

NMCM 93 00080.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 19 Oct. 1992.

Decided 24 Aug. 1993.

LT Philip L. Sundel, JAGC, USNR, Appellate Defense Counsel.

LT Alan D. Titus, JAGC, USNR, Appellate Defense Counsel.

LT Richard J. Huber, JAGC, USNR, Appellate Government Counsel.

Before LARSON, ORR and STRICKLAND, JJ.

ORR, Senior Judge:

Consistent with his pleas, the appellant was convicted of a 75-day unauthorized absence terminated by apprehension and dishonorably failing to maintain sufficient funds in a checking account on which he uttered seven checks totaling $1074.50 during a 31-day period (15 November to 15 December) in violation of Articles 86 and 134, respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 934. The military judge, sitting alone, sentenced the appellant to confinement for 3 months, forfeiture of $523.00 pay per month for 3 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and suspended execution of the sentence to confinement in excess of 86 days in accordance with the terms of a pretrial agreement.

Before this Court, the appellant assigns six errors[1] in the conduct of his trial. We find merit in the first, and our disposition of that error obviates the second. The remaining assignments of error are without merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* — U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993) (No. 92–1482); *United States v. Graf,* 35 M.J. 450 (C.M.A.1992).

■ As to the first, during the providence inquiry, the appellant confirmed that he had written the seven checks to obtain cash and merchandise. He also disclosed that he "wasn't keeping a ledger, and ... when ... [he] wrote the checks, there was not enough funds in ... [his] bank account to cover ..." them. Record at 19. At the times he wrote them, he "thought ... [the checks] would be paid off...." Record at 21. He also admitted that, while he understood the significance of maintaining a ledger, he had no idea what the balance was in his account. *Id.* Nevertheless, when the judge subsequently asked the appellant how he was keeping track of his account balance, he responded that "on paydays ... [he] would just figure out in ... [his] head how much ... [he] should have in ... [the account], but ... [he] never wrote it down." Record at 22. After acknowledging that he had obviously lost track of his balance, he admitted that that was an indication of a grossly indifferent attitude toward his account. *Id.*

---

1. I. APPELLANT'S PLEA OF GUILTY TO THE LESSER INCLUDED OFFENSE OF ARTICLE 134, DISHONORABLE FAILURE TO MAINTAIN SUFFICIENT FUNDS, OF CHARGE II, IS IMPROVIDENT.

II. A SENTENCE WHICH INCLUDES A BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

III. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. [CITATION OMITTED.]

IV. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. [CITATION OMITTED.]

V. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. [CITATION OMITTED.]

VI. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. [CITATION OMITTED.]

A stipulation of fact was offered and considered during the providence inquiry. After recounting the number and amounts of each check and to whom they were uttered, the stipulation provides:

That after he [the appellant] wrote the check he did not place enough money into his checking account at the ... [bank] to pay the check in full upon its presentment. That his failure was dishonorable and amounted to a gross indifference in maintaining his account. That this conduct was of a nature to bring discredit upon the armed forces because when Marines "bounce" checks it creates the public impression that all Marines write bad checks.

Appellate Exhibit I.

 A plea of guilty should not be accepted unless the results of the providence inquiry demonstrate that the accused believes he is guilty and that the accused's understanding of the facts supports the objective conclusion that the accused is guilty. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969); Rule for Courts–Martial (R.C.M.) 910(e). The appellant's recitation of legal conclusions, whether in response to queries from the military judge or in a stipulation of fact, do not provide an adequate basis for acceptance of a guilty plea. *See United States v. Vinson*, 33 M.J. 1073, 1074 (A.C.M.R.1991). Consequently, most of what is in the stipulation of fact in this case provides little assistance in determining whether the appellant's plea was provident, and, the appellant's statement that losing track of his account balance was indicative of a grossly indifferent attitude is simply a legal conclusion. If it is a correct statement of the law, it may be an indication of the appellant's belief in his own guilt. It does not appear, however, that it is a correct statement of the law.

"The gist of the offense [of making or uttering a worthless check by dishonorably failing to maintain sufficient funds] lies in the conduct of the accused after uttering the instrument." Manual for Courts–Martial, United States, 1984 (M.C.M.), Part IV, ¶ 68c. Except for the stipulation that the appellant did not put enough money into

his account to pay the checks before they reached the bank for payment, we have no information in the providence inquiry concerning what the appellant did either after he had written each check or when he discovered they had not been paid. *Cf. United States v. Call*, 32 M.J. 873 (N.M.C.M.R.1991) (holding that accused's conduct after initial presentment may serve as basis for determining if element of dishonor has been established so long as check continued to be valid and payable, accused knew it was so, and it was presented for payment again subsequent to the conduct).

The Manual for Courts–Martial also states:

[T]he accused need not know at ... [the time the check is made] that the accused did not or would not have sufficient funds for payment.... Mere negligence in maintaining one's bank balance is insufficient for this offense, for the accused's conduct must reflect bad faith or gross indifference in this regard.

M.C.M., Part IV, ¶ 68c. The failure to keep a written, running balance of the funds in his checking account is certainly negligent, but as the Manual provision indicates, that is not sufficient to constitute this offense. The Government contends that the appellant's admission that he knew the significance of keeping a balance, that he "just didn't do it," and that he had no idea what his balance was raises the appellant's conduct above simple negligence to gross indifference. The three cases the Government cites in support of this contention do not support that conclusion.

In *United States v. Silas*, 31 M.J. 829 (N.M.C.M.R.1990), we found the providence inquiry concerning most of the specifications charging the dishonorable failure to maintain sufficient funds offense to be adequate because Silas admitted he knew the drafts he was making were in excess of any capacity he had to pay them and the drafts copied in the Charge Sheet were stamped "ACCOUNT CLOSED." 31 M.J. at 830. Neither of these two factual circumstances was revealed in the case before us. In *United States v. Elizondo*, 29 M.J.

798 (A.C.M.R.1989), the Army Court dismissed Elizondo's conviction in a contested case because the evidence didn't convince the Court that he knew the significance of using a check register even though he knew he should be keeping track of the balance and was attempting to do so "in his head." In addition, Elizondo attempted to redeem his checks when he found out they were being dishonored and that deposits he had anticipated may not have been received. His bank also closed his account even though it was still receiving deposits of his pay. 29 M.J. at 799–800. In *United States v. Hensley*, 26 M.J. 841 (A.C.M.R. 1988), the Army Court dismissed Hensley's conviction in a contested case where the evidence indicated Hensley failed to maintain a running balance in his checkbook, made "considerable" efforts to redeem each check or to make other arrangements to meet the underlying obligation, and the amount of the checks written only exceeded the amount he justifiably expected to be deposited by $10.00. 26 M.J. at 843.

In the case before us, the total amount of the seven checks in issue did not exceed the appellant's base pay entitlement, as reflected in the Charge Sheet, for the 31–day period encompassed in the specification. No question was asked about the number or amount of any deposits the appellant may have anticipated even though he alluded to the deposit of his pay check, and three paydays were encompassed by the period 15 November to 15 December. No question was asked about the possibility of other checks the appellant may have written during this period that would have accounted for or consumed any deposits. *Cf. United States v. Thomas*, 32 M.J. 1024 (A.F.C.M.R.1991) (affirming conviction where accused lost track of account balance but admitted he wrote checks for twice the amount he was earning).

In addition, the appellant made a sworn statement in extenuation and mitigation in which he said he had made full restitution for the dishonored checks. Record at 38. Based upon this information alone, the military judge should have re-opened the providence inquiry and asked for additional information concerning the circumstances of this payment. How soon after notice of dishonor was restitution made, was what the appellant described as restitution actually redemption, and was it voluntary or involuntary are some of the questions that should have been asked. *Cf. United States v. Brand*, 10 C.M.A. 437, 28 C.M.R. 3, 1959 WL 3397 (1959) (dismissing conviction where accused made efforts to redeem checks both prior to and after they were dishonored). We conclude that the providence inquiry in this case did not support the acceptance of the appellant's plea of guilty to the Article 134 offense included in Charge II and its Specification.

Accordingly, the findings of guilty of Charge II and its Specification are set aside. The remaining findings of guilty are affirmed. The sentence is set aside subject to the following condition: The same or a different convening authority may order a combined rehearing on the lesser included offense under Charge II and its Specification and the sentence, but if the convening authority determines that either a rehearing on the offense is impracticable, he may dismiss the charge and order a rehearing on the sentence only, or if a rehearing on the sentence is likewise impracticable, he may reassess the sentence not to include a bad-conduct discharge. In either event, the record of trial shall be returned to this Court for completion of our review in accordance with Article 66(c), UCMJ, 10 U.S.C. § 866(c). *Boudreaux v. United States Navy–Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A.1989).

Chief Judge LARSON and Senior Judge STRICKLAND concur.