**UNITED STATES**

v.

**Janice A. ELLIS, 254–15–2701, Aviation Machinist's Mate Third Class (E–4), U.S. Navy.**

**NMCM 97 00588.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 11 Dec. 1996.

Decided 29 Jan. 1998.

LT Estela I. Velez, JAGC, USNR, Appellate Defense Counsel.

CAPT Douglas J. Glasscock, JAGC, USNR, Appellate Defense Counsel.

Capt Michael Carsten, USMC, Appellate Government Counsel.

Before LUCAS, Senior Judge, GRANT and OLIVER, Appellate Military Judges.

OLIVER, Judge:

We have examined the record of trial, the three assignments of error,[1] and the Government's response thereto. Because we find merit in the second assignment of error, we will not discuss the other assigned errors.[2]

In her second assignment of error, the appellant contends that the military judge should not have found her guilty of any of the bad-check offenses because she only admitted that she was guilty of negligence in failing to keep her check register accurate. We find this argument to have merit and that it entitles the appellant to relief.

■■■ A military judge may not accept a guilty plea unless the accused provides an adequate factual basis for the plea. RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]. In addition, the judge must enter a plea of not guilty on behalf of the accused if she "sets up matter inconsistent with the plea, or if it appears that [s]he has entered the plea of guilty improvidently." Art. 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a) (1994)[hereinafter UCMJ]. *See* R.C.M. 910(b), (h)(2). The judge has a *sua sponte* duty "to ensure that an accused not plead guilty to an offense of which [s]he is in fact not guilty." *United States v. Hanson*, 24 M.J. 377, 379 (C.M.A.1987). For the pleas to be provident, the record of trial must reflect that the appellant knew the elements of the

offense, freely admitted them, and provided a factual basis for his or her guilt. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). If the providence inquiry does not support the guilty plea or if the record of trial "show[s] a 'substantial basis' in law and fact for questioning the guilty plea," this court must set aside the applicable findings on appeal. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

There are five elements of the offense of dishonorable failure to maintain sufficient funds in violation of Article 134, UCMJ, 10 U.S.C. § 934. One element is that "this failure was dishonorable." MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), Part IV, ¶ 68b(4)[hereinafter MCM]. "Mere negligence in maintaining one's bank balance is insufficient for this offense, for the accused's conduct must reflect bad faith or gross indifference in this regard." MCM, Part IV, ¶ 68c ("Explanation"). Our obligation on appeal is to preserve the line between simple negligence in maintaining funds, for which no criminal sanctions lie, and a dishonorable failure to maintain funds, which is "characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a ... grossly indifferent attitude." MCM, Part IV, ¶ 71c. *See United States v. Hurko*, 36 M.J. 1176, 1178 (N.M.C.M.R.1993).

■■■ Based on her responses to the questions from the military judge, the appellant's case falls into the "not uncommon situation" where she negligently failed to pay attention to her checking account balance and only

---

1. I. APPELLANT'S CONVICTION FOR MAKING AND UTTERING WORTHLESS CHECKS BY DISHONORABLY FAILING TO MAINTAIN SUFFICIENT FUNDS CANNOT BE AFFIRMED IN LIGHT OF PUBLIC POLICY AGAINST ENFORCEMENT OF TRANSACTIONS DESIGNED OR INVOLVING THE FACILITATION OF GAMING.

   II. APPELLANT'S PLEA TO CHARGE II[sic] IS IMPROVIDENT BECAUSE THE PROVIDENCE INQUIRY DOES NOT SUPPORT A FINDING OF GUILTY BY FACT OR LAW.

   III. A SENTENCE WHICH INCLUDES AN UNSUSPENDED BAD-CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

2. Although this is not the case to discuss the issues involved, we are not persuaded by much of

the substantive analysis our superior court used in *United States v. Allbery*, 44 M.J. 226 (1996), and *United States v. Wallace*, 15 C.M.A. 650, 36 C.M.R. 148, 1966 WL 4432 (1966), at least as it applies to today's society. While we certainly agree that a lower court may not ignore the binding decisions of a higher court, but must follow it or distinguish it, we submit that the time has come to revisit the policy underlying *Wallace*. We perceive substantial support for questioning the *Wallace* policy rationale of our superior court. *See Allbery*, 44 M.J. at 230 (Sullivan, J., concurring in part and dissenting in part); *id.* at 230–31 (Crawford, J., concurring in part and dissenting in part); and *id.* at 231 (Gierke, J., concurring in the result).

focused on how to deal with it when she received notice that her bank had dishonored these 24 checks. *United States v. Call*, 32 M.J. 873, 874 (N.M.C.M.R.1991). While the appellant's "failure to keep a written, running balance of the funds in [her] checking account is certainly negligent, ... that is not sufficient to constitute this offense." *United States v. Campos*, 37 M.J. 1110, 1112 (N.M.C.M.R.1993).

The appellant stated that she thought that she had enough money in her account to cover the checks she had written. Record at 15 (initially stating that she did not believe the bank was accurate when it advised her that she had no funds); *id.* at 16 (stating that she thought that there would be enough money "[b]ecause of previous deposits"). She told the military judge that she was negligent in maintaining her account and her bank book. *Id.* (stating that the overdraft "was due to negligence on [sic] my bookkeeping" and that she had made a withdrawal "from my account that I forgot to log."); *id.* at 17 (persisting in her statement that the reason check number 714 bounced was because she failed to record a $200.00 withdrawal in her bankbook); *id.* at 18 (admitting that she was "very sloppy" in maintaining the bank book). Finally, she claimed that she was doing her best to keep her account accurate. *Id.* (telling the military judge that she was maintaining the book "the best I could.").

At this point the military judge properly advised the participants that he could not accept the appellant's plea. Record at 18. Even after a 49–minute recess, which included an R.C.M. 802 conference, the military judge confessed that he had no idea how to proceed. *Id.* Nonetheless, he kept at it. He got inconsistent answers to his questions as to whether the appellant used a check register. *Id.* at 20 (answering yes to the question, "So sometimes you did, sometimes you didn't?") The appellant told the judge that the bank statements were going to her mother's home in Georgia. After all of this, the appellant concluded with respect to this Specification: "I thought my bank book was correct." *Id.* at 21.

Turning to specifications 2–24, the military judge read the appellant the elements of the offense; he also reread the definition as to mere negligence versus dishonorable conduct. Record at 22–23. When asked whether those five elements taken together accurately describe what she did on each occasion, she answered, "Yes, sir." *Id.* at 23. She also advised the military judge that she understood the definition of dishonorable failure to maintain sufficient funds and admitted that her conduct was dishonorable. *Id.* at 27. However, without a factual predicate, we give little or no weight to the appellant's legal conclusion.

Even after speaking with the counsel on several occasions and after the military judge had expressed his concern as to the providence of the plea, the appellant told the military judge at least twice more that she was unsure whether the checks were going to clear. *See id.* at 24. The trial counsel expressed concern to the military judge that the Government was "not convinced that the plea is provident in terms of the dishonorable [element of the offense]." The military judge granted the trial counsel time to research so that he could pose additional questions. However, after the recess, the trial counsel proposed no additional questions. *Id.* at 28.

Throughout the entire *Care* inquiry the military judge never adequately elicited factual responses which supported a finding of deceit, evasion, false promises, or other criminally culpable circumstances indicating a grossly indifferent attitude. While she certainly admitted failing to maintain an accurate check register, the appellant always believed (or, at least, hoped) that her bank would make good on the checks she wrote. While she held an "indifferent" attitude throughout this time frame, her admissions did not establish an adequate factual basis to conclude that the appellant dishonorably failed to maintain adequate funds as alleged. *Hurko*, 36 M.J. at 1178.

Accordingly, we set aside the findings of guilty as to all the Specifications and the

Charge and set aside the sentence. We authorize a rehearing by the same or another convening authority.

Senior Judge LUCAS and Judge GRANT concur.