**UNITED STATES, Appellee**

v

**HORACE E. BOOTH, Utilities Man (Sanitation)**
Third Class, U. S. Navy, Appellant

**11 USCMA 465, 29 CMR 281**

No. 13,656

Decided May 6, 1960

*Captain Frederick D. Clements,* USMC, was on the brief for Appellant, Accused.

*Major Ted H. Collins,* USMC, was on the brief for Appellee, United States.

### Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of unpremeditated murder, in violation of Uniform Code of Military Justice, Article 118, 10 USC § 918. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for nine years. The convening authority approved the sentence, but reduced the term of confinement to seven years. The board of review affirmed, and we granted accused's petition for review on the single issue whether the law officer erred prejudicially in omitting from his instructions to the members of the court the injunction that any reasonable doubt must be resolved in favor of the accused.

The evidence establishes that accused became involved in a drunken brawl with one Bullard. During a struggle with the latter, accused stabbed him in the abdomen with a switchblade knife. Bullard died shortly thereafter.

The law officer's charge to the court-martial included the following:

"The burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt, and the court is further instructed in accordance with Article 51c of the Code:

"First, that the accused must be presumed innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt;

"Second, that in the case being considered, if there is a reasonable doubt as to the degree of guilt the finding must be in a lower degree

**465**

as to which there is no such reasonable doubt. Later in these instructions I will discuss the possibility of lesser offenses.

"Third, that if the—Fourth, that is—that the burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the government."

It will be noted that the law officer omitted from his charge the specific statement contained in Code, supra, Article 51, 10 USC § 851, to the effect that:

"(2) that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and he must be acquitted."

Elsewhere in his instructions, however, the law officer clearly informed the members of the court-martial that in order to find accused guilty, they must be satisfied that the offense was proved "by legal and competent evidence beyond a reasonable doubt"; that the burden was on the prosecution to establish accused's guilt "beyond a reasonable doubt"; and that, "In order to convict of an offense you must be satisfied beyond a reasonable doubt of the accused's guilt." In addition, he extensively defined that term and informed the court that the rule involving its application extended to every element of the offense.

In United States v Cuen, 9 USCMA 332, 26 CMR 112, we had before us the question of the effect of a similar omission by the president of a special court-martial. Although apart on other issues in the case, the Court unanimously determined that the error required reversal. In that case, however, the president not only omitted the above-quoted instruction, but failed otherwise to apprise the court of the applicable standard governing findings.

In United States v McClary, 10 USCMA 147, 27 CMR 221, we were again confronted with the issue now before us. In that case, as here, the law officer failed to include the statement that accused was entitled to be acquitted if a reasonable doubt existed concerning his guilt. Elsewhere in his instructions, however, the law officer set forth that requirement. A unanimous Court distinguished United States v Cuen, supra, and held that the court members were adequately advised of the proper standard.

Our decision in United States v McClary, supra, is dispositive here. In enacting Code, supra, Article 51(c), Congress adopted the language and requirements previously set forth in Article of War 31, 10 USC (1946 ed) § 1502. The purpose of the statutory instructions thus required is to inform the court members of the existence of the presumption of innocence, the party having the burden of proof, and the effect of a reasonable doubt of guilt. Although the law officer did not follow the formula set forth in the Article, he affirmatively and repeatedly instructed the court-martial that guilt must be established beyond a reasonable doubt before a verdict adverse to the accused could be found. Thus, the members were made aware of the proper measure of proof. United States v McClary, supra. Accordingly, his failure precisely to follow the language of Code, supra, Article 51, was not error injuriously affecting the substantial rights of the accused.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.