**UNITED STATES, Appellee,**

v.

**Sergeant First Class Michael J. BINS, 414–94–1861, United States Army, Appellant.**

**ACMR 9200243.**

U.S. Army Court of Military Review.

13 Dec. 1993.

For Appellant: Vaughan E. Taylor (argued), Captain Michael Huber, JAGC, Major Robin L. Hall, JAGC (on brief).

For Appellee: Captain Kenneth G. Wilson, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before CREAN, WERNER, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty, by a general court-martial composed of officer and enlisted members, of attempted rape, attempted forcible anal sodomy, disobeying a lawful order, forcible oral sodomy, aggravated assault, and communication of a threat, in violation of Articles 80, 92, 125, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, 925, 928, and 934 (1988) [hereinafter UCMJ]. The appellant was sentenced to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged.

Before this court, the appellant asserts that the military judge erred by completely failing to define "reasonable doubt" when instructing the panel on findings. Although not briefed by the appellant, during the course of oral argument, he asserted that the military judge also erred by completely failing to give the panel the four-part due process instruction of the presumption of innocence, reasonable doubt, degree of guilt, and burden of proof as required by Article 51(c), UCMJ, 10 U.S.C. § 851(c), and Rule for Courts–Martial 920(e) [hereinafter R.C.M.]. He further contends that the staff judge advocate in his post-trial recommendation failed to comment upon significant legal errors raised by the appellant in his post-trial matters, failed to list matters submitted by the appellant for consideration by the convening authority, and failed to otherwise inform the convening authority of the content of the submissions. In conjunction with the appellant's post-trial submissions, the appellant also asserts that the convening authority failed to consider them. We disagree with the first two assignments of error, but we agree with the remaining two contentions.

### I. Defining Reasonable Doubt

With respect to the appellant's first assignment of error, the appellant contends

and the government acknowledges that during his instructions to the panel, immediately prior to its deliberation on findings, the military judge repeatedly stated that the standard of proof was proof beyond a reasonable doubt. Both sides also agree that during these instructions the military judge never used any part of the instruction on "reasonable doubt" as provided in Dep't of Army, Pam. 27–9, Military Judges' Benchbook, para. 2–29.1 (C2, 15 October 1986) [hereinafter Benchbook] to define this standard of proof. There is further agreement that at the conclusion of his instructions to the panel, the military judge asked the trial defense counsel if she had any objections or any requests for additional instructions and she gave a negative reply.

It is apparent from our review of the record of trial that both the appellant and the government failed to note the contents of the preliminary instructions the military judge gave to the panel immediately prior to the *voir dire* process. In them, the military judge advised the panel that "under the law the accused is presumed to be innocent of the charges against him and the burden of proof to establish the guilt of the accused beyond a reasonable doubt rests with the government."[1] The military judge then proceeded to substantially define "reasonable doubt," using the instruction provided in paragraph 2–29.1 of the Benchbook. Accordingly, we find that the military judge did not err because he did define "reasonable doubt."

### II. Four–Part Due Process Instruction

The presumption of innocence is a basic component of a fair trial under our system of criminal justice. *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). Due process requires proof beyond a reasonable doubt for conviction of a crime. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). A defendant is entitled to a lesser offense instruction. *Keeble v. United States*, 412 U.S. 205, 212, 93 S.Ct. 1993, 1997, 36 L.Ed.2d 844 (1973). The

---

1. Record of trial, page 341.

government has the burden to establish guilt beyond a reasonable doubt. *Leland v. Oregon*, 343 U.S. 790, 802–03, 72 S.Ct. 1002, 1009–10, 96 L.Ed. 1302 (1952) (Frankfurter, J., dissenting). Implementing these due process principles in the military justice system, Article 51(c), UCMJ, directs that:

> [b]efore a vote is taken on the findings, the military judge ... shall ... instruct the members of the court as to the elements of the offense and charge them—

> (1) that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond reasonable doubt;

> (2) that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and he must be acquitted;

> (3) that, if there is a reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt; and

> (4) that the burden of proof to establish the guilt of the accused beyond reasonable doubt is upon the United States.

█ In the instant case, the military judge did not give the panel the Article 51(c), UCMJ, instruction, verbatim and seriatim, as provided in paragraph 2–29.1 of the Benchbook. Upon concluding his instructions to the panel, the military judge asked the trial defense counsel if she had any objections or any requests for additional instructions. She indicated she had none.

Initially, the Court of Military Appeals viewed an omission of the Article 51(c), UCMJ, instruction as an error that "materially prejudiced the substantial rights of the accused." *United States v. Clay* (No. 49), 1 U.S.C.M.A. 74, 1 C.M.R. 74, 81, 1951 WL 1512 (1951). Even the omission of only one of the four parts of Article 51(c), UCMJ, was considered sufficient prejudicial error to warrant a rehearing. *United States v.*

*Cuen*, 9 U.S.C.M.A. 332, 26 C.M.R. 112, 115, 1958 WL 3315 (1958).

Later, the Court modified its position and held that, "the particular words and phases used are unimportant if the idea [of Article 51(c), UCMJ,] is expressed and when we examine the instructions by their four corners, we conclude the law officer adequately covered the subject matter." *United States v. McClary*, 10 U.S.C.M.A. 147, 27 C.M.R. 221, 224 (1959). The Court noted that since other instructions given by the law officer embraced the particulars of the Article 51(c), UCMJ, instruction, there was no error. *Id.* 27 C.M.R. at 225.

The Court again emphasized in *United States v. Booth*, 11 U.S.C.M.A. 465, 29 C.M.R. 281, 282 (1960) that the "purpose of the [Article 51(c)] instructions ... is to inform the court members of the existence of the presumption of innocence, the party having the burden of proof, and the effect of a reasonable doubt of guilt." Because the law officer's other instructions, as a whole, informed the panel of the requirements of Article 51(c), UCMJ, "his failure precisely to follow the language of ... Article 51[(c)], was not error injuriously affecting the substantial rights of the accused." *Booth* 29 C.M.R. at 282.

In the instant case, we note that the military judge informed the panel of the presumption of innocence under Article 51(c)(1), UCMJ, three times by stating twice that "the accused is presumed innocent of the charges against him" and once that "the accused must be presumed to be innocent." [2] At least fifty times he told the panel of the reasonable doubt standard of proof under Article 51(c)(2), UCMJ, by stating "if you are convinced that each element is established by legal and competent evidence beyond a reasonable doubt," "if you are satisfied by legal and competent evidence beyond a reasonable doubt," "it must be proved beyond a reasonable doubt," "if you are convinced beyond a reasonable doubt," "should you fail to find beyond a reasonable doubt," and "requires proof beyond a reasonable doubt." [3] He covered the degree of guilt requirement under Arti-

---

2. Record of trial, pages 341, 1147, 1193.

3. Record of trial, pages 341, 1152–1208.

cle 51(c)(3), UCMJ, each time he instructed the panel on one of the nine lesser included offenses and when he discussed the voting procedures on the primary and lesser included offenses.[4] Finally, he clearly indicated who had the burden of proof under Article 51(c)(4), UCMJ, when he stated that the burden of proof "rests upon the government" and the burden of proving the identification of the appellant as the perpetrator of the crimes beyond a reasonable doubt was on the "trial counsel." [5]

Furthermore, the findings demonstrate that the panel understood the four due process provisions of Article 51(c), UCMJ, and followed them during their two-hour deliberation. The most serious charge the appellant faced was attempted premeditated murder, but the panel found him guilty of its third lesser included offense of aggravated assault.[6] This indicates that the panel applied the standard of proof beyond a reasonable doubt and that it had reasonable doubt as to the appellant's degree of guilt on the most serious offense. It found the appellant guilty of a lesser included offense where it had no reasonable doubt.

Although the military judge in the instant case failed to give the entire Article 51(c), UCMJ, instructions verbatim and seriatim, we are satisfied that the military judge, within the four corners of his instructions to the panel, adequately covered the subject matter of Article 51(c), UCMJ. Accordingly, we hold that the military judge did not err in his instructions to the panel.

### III. Post-Trial Matters

The government concedes that a new action is required in this case because the staff judge advocate failed to respond to the post-trial assertions of legal error and to describe in his recommendation to the convening authority the documents submitted by the trial defense counsel under R.C.M. 1105 and 1106. *United States v. Craig,* 28 M.J. 321 (C.M.A.1989); *United States v. Kimble,* 35 M.J. 904 (A.C.M.R.

1992). We also noted errors in paragraph 2 of the staff judge advocate's recommendation and in General Court–Martial Order No. 2, dated 11 June 1992, which call into question whether the convening authority was properly advised by his staff judge advocate on the charges and the results of the appellant's court-martial.

### IV. Decision

We have considered the appellant's remaining assignments of error, including those personally raised by him pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and hold that none warrant relief.

The action of the convening authority, dated 11 June 1992, is set aside. The record of trial will be returned to The Judge Advocate General for a new staff judge advocate recommendation and action by the same or a different convening authority in accordance with Article 60(c)–(e), Uniform Code of Military Justice, 10 U.S.C. § 860(c)–(e).

Senior Judge CREAN and Senior Judge WERNER concur.

---

4. Record of trial, pages 1158–1218.

5. Record of trial, pages 341, 1197, 1200.

6. The first lesser included offense was attempted unpremeditated murder and the second was attempted voluntary manslaughter.